**Carolyn A. WAGNER, on Behalf of Donna G. Hughes, Appellant,**

**v.**

**Robert H. FINCH, Secretary of Health, Education and Welfare, Appellee.**

No. 27069.

United States Court of Appeals
Fifth Circuit.

July 7, 1969.

Maxine T. McConnell, David J. Candish, Dallas, Tex., for appellant.

Eldon B. Mahon, U. S. Atty., Andrew Barr, Asst. U. S. Atty., Dallas, Tex., Alan S. Rosenthal, Reed Johnston, Jr., Attys., Morton Hollander, Chief, Appellate Sec. Civ. Div. Dept. of Justice, Washington, D. C., for appellee.

Before JOHN R. BROWN, Chief Judge and DYER, Circuit Judge, and HUNTER, District Judge.

HUNTER, District Judge:

Carolyn Wagner instituted suit in the district court to review the final decision of the Secretary, disallowing her illegitimate daughter's claim to a child's insurance benefit on the earnings record of the child's father, Donald G. Davis, a fully insured deceased wage earner. The district court granted the Secretary's motion for summary judgment on the grounds that Donna was not the "child" of an insured individual as that term is defined by the Social Security Act. This appeal ensued.

The parties agree that if Donna qualifies as a "child" under the Act, she does so only by virtue of Section 216(h) (3), 42 U.S.C.A. § 416(h) (3), which provides in pertinent part:

"(h) * * *

"(3) An applicant who is the son or daughter of a fully or currently insured individual, but who is not (and is not deemed to be) the child of such insured individual under paragraph (2) of this subsection, shall nevertheless be deemed to be the child of such insured individual if:

* * * * * *

"(C) in the case of a deceased individual

* * * * * *

"(ii) such insured individual is shown by evidence satisfactory to the Secretary to have been the father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died."

The biological paternity of the claimant has been satisfactorily established. It has been established to the Hearing Examiner's satisfaction and to our satisfaction that Davis, the wage earner, was living with Carolyn Wagner at the time of his death. The mother of the wage earner reported that wage earner told her that he and the mother of Donna were living together. Appellant's mother reported that appellant and the wage earner were living together. These people were in a low income group, and because of distance and lack of money, theirs was not a day-by-day relationship. Substance, not form, must govern. Medically speaking, Donna was viable from the instant of conception onward. An action for damages could have been brought in her behalf for injuries she might have received prior to birth. When the deceased wage earner came over for his weekend visits he was in fact living with both child and mother. We would strain ordinary meaning to require that all the proper prerequisites to maintaining a home are the sine qua non to entitlement under the Act. We

find nothing in the legislative history to assist with the definitions of the phrases "living with" and "contributing to." Apparently, Congress did not discuss or contemplate any dollar amount of support or minutes, hours, days or years of "living with" in order to qualify, once the fact of parenthood was established. To the extent possible, Donna has met all the requirements. Insofar as she was capable of dependency on the wage earner, she was dependent on him on the date of his death. Within less than a month she would have met every possible requirement of the statute. Had her father not been killed shortly after she was conceived and two weeks before his planned marriage to her mother, there would be no question of the child-claimant's right to benefits.

The crucial issue remaining is whether or not this child, conceived outside of marriage and born after her father's death, may nevertheless be deemed to be her father's child under 42 U.S.C.A. 416(h) (3) of the Act. Counsel for appellant, seeking an affirmative answer to this query, relies on a ruling of the Social Security Administration made on March of 1968 and cited as SSR 68–22 wherein it was held that:

"Where the deceased insured worker, at the time of his death, was living with and contributing to the support of the mother of his unborn illegitimate child, held, the worker's contributions to the support of the child's mother and his living with the mother constitute contributions to the support of, and living with, the unborn child within the meaning of section 216(h) (3) (C) (ii) of the Act, provided that the child was born alive."

A "Social Security Ruling" which interprets the Act as applied to the facts in a particular case does not have the effect of law. However, in this instance where there is no case law which interprets the "living with" provision of the statute, we agree that the illegitimate child of a deceased father, conceived before, but born after, the father's death, is sufficiently "in being" to

be capable of "living with" the father at the time of his death. The fact that a worker dies before the birth of a child already "in being" is no legal or equitable reason to prohibit that child from benefits.

■ We conclude that Donna, having met all the requirements, is deemed to be the child of the wage earner under Section 216(h) (3) (C) (ii) of the Act, and is entitled to a child's insurance benefits.

The judgment of the district court is reversed and the case remanded to the Secretary with instructions to grant the application for benefits to Donna.