**Anna Mae PERRY, Plaintiff-Appellant,**

v.

**Elliott RICHARDSON, Secretary of Health, Education & Welfare, Defendant-Appellee.**

**No. 20640.**

United States Court of Appeals, Sixth Circuit.

April 2, 1971.

Mitchell B. Goldberg, Cincinnati, Ohio, for appellant; Goldman, Cole & Putnick, Cincinnati, Ohio, of counsel.

**678**

Robert M. Feinson Dept. of Justice, Washington, D. C., for appellee; William D. Ruckelshaus, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., on brief; William W. Milligan, U. S. Atty., Cincinnati, Ohio.

Before WEICK, McCREE and MILLER, Circuit Judges.

WEICK, Circuit Judge.

The Secretary denied the claim for child's insurance benefits filed in behalf of an alleged illegitimate child of Thomas Bond, the wage earner, on the ground that the child failed to meet the eligibility requirements in Section 216(h) (3) of the Social Security Act, as amended. 42 U.S.C. § 416(h) (3). The District Court denied claimant's motion to remand, and affirmed.

The illegitimate child was born on June 16, 1957, the daughter of Anna Mae Perry. Anna Mae Perry, however, never lived with, and was never married to, the wage earner Bond. The child always lived with Anna Mae Perry, her mother, who married Perry in 1962. Thomas Bond, the wage earner, married Janice Bond in 1960. He died in 1966. He had never acknowledged in writing the paternity of the child, nor claimed her as a dependent in his 1966 income tax return. There was no court order concerning either paternity or support.

An evidentiary hearing was conducted by the Trial Examiner, at which hearing Mrs. Perry testified and offered written statements of her mother, her husband, the wage earner's mother and brother, to the effect that the wage earner was supporting his child. There was contrary testimony and also written statements of the wife of the wage earner to the effect that the wage earner was not supporting the child. The wife testified that support payments could not have been made without her knowledge because she handled all of the finances. She produced all of the checks drawn on their joint bank account, which were all signed by her.

The Hearing Examiner, in reaching his decision, credited the testimony of the wage earner's wife. He took into account the interest of Mrs. Perry and of her witnesses in the outcome of the case, and the inconsistencies of their statements, and the evidence that some of them had been coached. He resolved the conflicting evidence against the claimant and found as a fact that the deceased wage earner was not contributing to the support of the child. The Appeals Council affirmed.

■ In our opinion there was substantial evidence to support the findings of fact of the Secretary. He resolved questions of credibility of the witnesses who appeared before him. His findings of fact, where supported by substantial evidence, are binding on us. Lane v. Gardner, 374 F.2d 612 (6th Cir. 1967).

■ The District Court did not err in denying appellant's motion to remand. Appellant was advised in writing in the notice of administrative hearing of her right to be represented by counsel, and that the Secretary would have to approve the amount of attorney's fees. At the hearing, the Hearing Examiner again informed her that she could be represented by counsel. She testified that she had conferred with two attorneys, but had no money of her own to pay attorney's fees, and that she did not want attorney's fees to be deducted from any award to the child. The Hearing Examiner could not force her to be represented by counsel.

There is no claim here that she has any additional evidence to offer if the case were remanded. Her only claim is that an attorney could have done a better job of cross-examining the deceased wage earner's wife than she [claimant] did.

Webb v. Finch, 431 F.2d 1179 (6th Cir. 1970), relied on by appellant, did not involve a refusal by claimant to have an attorney, and there were representations, not made here, of additional available evidence which might produce a different result.

Lastly, it is argued that Section 216(h) (3) of the Social Security Act is unconstitutional because it establishes a classification which invidiously discriminates against illegitimate children, in violation of the Fifth Amendment. This issue was raised for the first time in a motion filed in the District Court more than thirty days after the entry of final judgment. The motion was untimely. Rule 59(e) Fed.R.Civ.P. Rule 6(b) prevents enlargement of the time.

 The claim of discrimination is without substance. Because of the difficulty in establishing the putative father of an illegitimate child, there was a legitimate basis for the classification provided by the Act. The classification was not patently arbitrary; it was not utterly lacking in rational justification. It did not violate the Fifth Amendment to the Constitution. *Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed. 2d 1345 (1960). As to the Fourteenth Amendment equal protection clause, compare *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *McDonald v. Board of Election Comm'rs of Chicago,* 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969); *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

Judge McCree does not believe the constitutional question is properly before us, but if it is, he believes that the classification invidiously discriminates between legitimate and illegitimate children, both of whom are legally entitled to compel support by the biological father. He further agrees that the record supports the Secretary's finding, but he would remand because claimant was not clearly advised that she could obtain an attorney on a contingency fee basis and that the assistance of counsel to cross examine the wage earner's widow might have been of substantial assistance since the pivotal issue was the credibility of the witnesses. See *Webb v. Finch,* supra.

Affirmed.