junctive relief is moot, and the appeal must be dismissed. United States ex rel. Arnold v. Faircloth, 5th Cir. 1971, 441 F.2d 1157; Little v. Georgia, 5th Cir. 1971, 438 F.2d 536; Lackey v. Alabama, 5th Cir. 1970, 434 F.2d 224.

Appeal dismissed.

**UNITED STATES of America,**
**Appellee,**

v.

**Daniel Ernest HAYES, Appellant.**

**No. 26908.**

United States Court of Appeals,
Ninth Circuit.

Dec. 3, 1971.

Roswell Bottom, Jr., Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant attacks his conviction for a violation of the Dyer Act, 18 U.S.C. § 2312, on the ground that the evidence was inadequate to prove his knowledge that the vehicle he was driving had been stolen and to prove the requisite specific intent.

 There was ample evidence to sustain the conviction. The district court did not believe Hayes' explanation about his possession of the automobile or his testimony denying knowledge of the theft. It had no obligation to credit his testimony.

The judgment is affirmed.

**Persis S. WIDERMANN, Appellant,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Appellee.**

**No. 144, Docket 71-1777.**

(Reporting Services Requested to Publish Headnote Only.)

United States Court of Appeals,
Second Circuit.

Argued Oct. 19, 1971.

Decided Nov. 10, 1971.

Before MEDINA, MANSFIELD and MULLIGAN, Circuit Judges.