453 F.2d 850
 Geraldine PARKER, a/k/a Geraldine Felder, As Natural tutrix
for and on behalf of her Minor Child, Robert P.
Parker, Plaintiff-Appellant,
v.
SECRETARY OF the DEPARTMENT OF HEALTH, EDUCATION AND
WELFARE, Defendant-Appellee.
 No. 71-1955.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 10, 1972.
 
 James L. Donovan, Christopher E. Lawler, Porteous, Toledano, Hainkel & Johnson, New Orleans, La., for plaintiff-appellant.
 Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, James Carriere, Asst. U. S. Attys., New Orleans, La., Claude J. Aucoin, Jr., Asst. U. S. Atty., New Orleans, La., for the United States.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 Robert P. Parker is the acknowledged illegitimate son of a deceased wage earner, Percy Felder, within the meaning of 42 U.S.C.A., Sec. 416(h) (3) (C), and is otherwise qualified for child benefits under the Social Security Act. His request for benefits was denied on the ground that the benefits were being exhausted by payments to the five legitimate children of the wage earner. This result is mandated by 42 U.S.C.A. Sec. 403(a). The district court granted summary judgment for the Secretary. We affirm.
 
 
 2
 The claim here, as in the district court, is that the statute, Sec. 403(a), is unconstitutional because of the difference required in the treatment of legitimate and illegitimate children. The result which obtains as to the claim of Robert Parker is that the benefits available are limited under 42 U.S.C.A. Sec. 403(a) by the family maximum amount provided in 42 U.S.C.A. Sec. 415(a). Section 403(a), 42 U.S.C.A., provides in pertinent part:
 
 
 3
 ". . . Whenever a reduction is made under this subsection in the total of monthly benefits to which individuals are entitled for any month on the basis of the wages and self-employment income of an insured individual, each such benefit other than the old-age or disability insurance benefit shall be proportionately decreased; except that if such total of benefits for such month includes any benefit or benefits under section 402(d) of this title which are payable solely by reason of section 416(h) (3) of this title, the reduction shall be first applied to reduce (proportionately where there is more than one benefit so payable) the benefits so payable (but not below zero.)"
 
 
 4
 Insurance benefits for children are provided under 42 U.S.C.A. Sec. 402(d). Here the family maximum under Sec. 415(a) was insufficient after payments to the five legitimate children to leave any sum for the illegitimate child whose inclusion is provided by Sec. 416(h) (3); hence the denial of benefits as required by Sec. 403(a).
 
 
 5
 The constitutional attack, asserted as a claim of denial of due process under the Fifth Amendment, is without merit. There is, of course, a difference in treatment as between the legitimate and illegitimate children with the result of discrimination against the illegitimate. Notwithstanding any such difference or discrimination in treatment, however, the test for determining the constitutionality of the statute is nevertheless whether any state of facts reasonably may be conceived to justify it or whether the classification under it has some reasonable basis. Dandridge v. Williams, 1970, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491.
 
 
 6
 We conclude that the statute in question may be justified on the basis of the Congress giving precedence or priority to the legitimate children in the interest of strengthening and preserving family ties and as a part of the total scheme of the Act. This justification will be seen from the record here.
 
 
 7
 Robert Parker's mother, Geraldine, is the legal wife of Alfred Parker, Jr. She was living with Percy Felder when Robert was born. Robert can receive benefits under the Act from the legal husband of his mother, Alfred Parker, Jr., as his legitimate, although not biological son. 42 USCA, Sec. 416(h) (2) (A); Art. 184, Civil Code LSA. This is demonstrated by the fact that two of the five legitimate children of Percy Felder, are now receiving benefits under the Act as legitimate children since they were born to his legal wife, Tomazine Felder, while she was married to but living estranged from Percy Felder.
 
 
 8
 We cannot say that Congress acted unreasonably in setting up the payment system in question, having in mind the complexity which is possible in family relationships. Indeed, it would appear that priority to the legitimate children might be something of a counter balance to the possibility of the illegitimate child receiving payments from his legal father.
 
 
 9
 Any doubt in regard to the legislature's power to distribute rights on the basis of status stemming from legitimate or illegitimate birth was resolved by the Supreme Court in Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288, 294. In that case, Louisiana laws which establish different rights of inheritance as between legitimate and illegitimate children were upheld. That decision is analogous to the situation here. Whether state or federal legislative acts, they must stand if founded on a reasonable or rational basis. Here the reasonableness is apparent.
 
 
 10
 Affirmed.