Dorothy JOHNSON, on behalf of Ethel Marie Johnson and Edgar Johnson, Jr.

v.

Robert H. FINCH, Secretary of Health, Education and Welfare.

Civ. A. No. 3-3302-C.

United States District Court, N. D. Texas, Dallas Division.

March 20, 1972.

946

Maxine T. McConnell, Dallas, Tex., for petitioner.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for respondent.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

The petitioner brings this action on behalf of two of her children seeking a review by this Court of a final decision by the Secretary of Health, Education and Welfare according to 42 U.S.C. § 405(g). The petitioner had made an application for children's insurance benefits on behalf of her five children and

mother's benefits for herself upon the death of their wage earner husband and father. 42 U.S.C. § 402. Benefits for all except the two youngest children were granted. The decision denying benefits to these two children was appealed through the proper channels. This Court on March 31, 1971, entered an order remanding the cause to the Secretary to make further findings of fact in order to determine whether the two children qualified for benefits by virtue of 42 U.S.C. § 416(h)(3)(C)(i). On remand, the Appeals Council made additional findings and concluded that the two children were not entitled to benefits. The record is now complete so that the case is now properly before this Court.

The petitioner, Dorothy, and the wage earner, Edgar Johnson, were never ceremonially married. Petitioner stated that they began living together in Mississippi in 1952, however, there is conflicting evidence on this point. In a 1966 statement to the Social Security Administration Dorothy Johnson represented that she and Edgar were only "going together" in 1952 and 1953 in Mississippi.[1] Edgar had been previously married in Louisiana, but there was never a divorce or annulment. In 1953 the petitioner and Edgar Johnson moved to Denton, Texas, and lived together there until 1956. They also lived together in Dallas in 1958 and 1959. Edgar died in November, 1966. During the periods between 1952 and Edgar's death when he was not living with Dorothy the evidence shows that he was staying with another woman. In fact, in 1962 Edgar entered into a ceremonial marriage with Johnnie Bell Devereaux.[2]

The petitioner contends that the two children, Ethel and Edgar, Jr., should qualify as the legitimate children of the wage earner because the parties entered into a common-law marriage in the State of Texas. The Hearing Exam-

<hr />

1. See Tr. Ex. #31.

Dorothy Johnson stated at the hearing before the Hearing Examiner that the

statement made in 1966 was a true statement.

2. See Tr. Ex. #21.

iner concluded that their action had not established a common-law marriage. This Court is in accord with that finding. The petitioner states that the marriage began in Mississippi in 1952. This position is inconsistent with the statement made by the petitioner in 1966 in which she stated that she and Edgar were not "living" but only "going together" in 1952 and 1953. Moreover, the children cannot be considered the legitimate children of the wage earner under Texas law.

In Esparza v. Esparza, 382 S.W.2d 162 (Tex.Civ.App.—Corpus Christi 1964), the Court stated:

> The issue of a putative marriage (deemed null in law) are given the status of legitimacy. Boudreaux v. Taylor, 353 S.W.2d 901 (Tex.Civ.App. 1962); Whaley v. Peat, supra [Tex. Civ.App., 377 S.W.2d 855]. However, the purported marriage relationship must be contracted in good faith and in ignorance of some existing impediment on the part of at least one of the contracting parties to be a putative marriage. 382 S.W.2d at 167.

Dorothy Johnson learned of Edgar's prior ceremonial marriage to Ida Mae Whitfield in 1954 and in spite of that knowledge continued to live with him. Subsequently the parties did not enter into a valid marriage nor did they contemplate doing so. Both Edgar and Ethel were born after the petitioner learned of the impediment.[3] The parties have not fulfilled the conditions of a putative marriage.

Alternatively, petitioner argues that the children qualify for benefits under the provisions of 42 U.S.C. § 416(h)(3)(C)(ii). Concededly, the children are entitled to benefits if "such insured individual [Edgar Johnson] is shown by evidence satisfactory to the Secretary to have been the father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died." 42 U.S.C. § 416(h)(3)(C)(ii). The secretary found that Ethel and Edgar, Jr., were the children of the insured Edgar Johnson. However, he determined that the insured was neither living with nor contributing to the support of the children at the time of his death.

The petitioner urges there is substantial evidence in the record to show that the wage earner fulfilled both requirements of 42 U.S.C. § 416(h)(3)(C)(ii). Since the section is written in the disjunctive, the Court must determine whether the wage earner satisfied either one of the conditions in order for the children to be entitled to benefits.

The evidence clearly shows that the wage earner was not living with the children at the time of his death. Dorothy Johnson testified that Edgar did not live with her after 1959 but was staying with another woman.[4] She further testified that Edgar did not eat or sleep at her house on a regular basis but would occasionally visit or spend the night.[5] She considered them to be merely dating or going together after 1959 and until his death. Merely visiting or occasionally spending the night cannot be equated with the requirement of "living with" contained in Section 216(h)(3)(C)(ii) of the Social Security Act. 42 U.S.C. § 416(h)(3)(C)(ii). Although the Court of Appeals for the Fifth Circuit said in Wagner v. Finch, 413 F.2d 267 (5th Cir. 1969), that

> "Congress did not discuss or contemplate any dollar amount of support or minutes, hours, days or years of 'living with' in order to qualify, once the fact of parenthood was established." 413 F.2d at 268.

this Court finds that the petitioner has failed to sustain the burden of establishing that the wage earner was living with the children at the time of his

---

3. *See also* Curtin v. State, 155 Tex.Cr.R. 625, 238 S.W.2d 187 (1951).

4. The wage earner was living with Johnnie Bell Devereaux.

5. *See* Tr. page 27.

death. Accordingly, the Secretary's finding on this point should be affirmed.

The evidence was very conflicting on the frequency and amount of contributions made by Edgar Johnson for the support of his children. The Hearing Examiner reconciled the conflicts in Dorothy Johnson's statements and concluded that the wage earner had not made any meaningful contributions to the support of the children. His decision was based primarily on a statement made to the Social Security Administration on December 16, 1966, one month after the wage earner's death. The pertinent part of the statement is set out below:

> "The only time Edgar Johnson gave any money for support of the children was when he was around. I would catch him and he would give me some money for the kids. I usually caught up with him about twice a year from 1959 on, and I would get $10 to $15; one time I managed to get $30.00. Sometimes at the end of the year he would give me the income tax return check and this has been as much as $200.00." [6]

The petitioner also gave conflicting testimony concerning the last year in which she received a refund check from the wage earner. Dorothy Johnson first testified that she did not receive a check after 1959, however, later in her testimony, she stated that she had received checks in 1963 and 1964.

■ Many courts have held that where the Social Security Act refers to support contributions as an element of entitlement, it means "regular and substantial" support. Turley v. Cohen, 325 F.Supp. 1067 (S.D.W.Va.1971); Washington v. Finch, CCH Unemployment Insurance Reports, 1A ¶ 15,622 (W.D.La. 1969); Hupp v. Celebrezze, 220 F.Supp. 463 (N.D.Iowa 1962); Carey v. Social Security Board, 62 F.Supp. 458 (W.D. Ky.1945); In Washington v. Finch (supra) the Court said that

"Though the claimant is correct in saying the statute speaks only of contributions, without qualification, we do not find that a literal reading would do justice to the Act.

As reflected in Senate Report 404, 89th Congress, 1st Session, U.S.Code Congressional and Administrative News [1965], pp. 2049 through 2050, the purpose of this welfare provision was to 'replace the support lost' by a child when his father retires, dies or becomes disabled."

Although cognizant of these decisions, this Court is of the opinion that "regular and substantial" contributions are not required under the Act. Wagner v. Finch (supra). While the contributions do not have to be "regular and substantial", they must be more than are present in this case because the statute is based on *replacing the support lost* by the child.

■ In the present case the Secretary resolved the conflicts in the evidence and determined that the wage earner had not made "meaningful" contributions. This Court finds that the decision of the Secretary in denying the claim of Dorothy Johnson, on behalf of Edgar and Ethel Johnson, is correct and supported by substantial evidence.

■ Finally, the petitioner argues that Section 216(h)(3)(C) of the Social Security Act is unconstitutional because it establishes a classification which invidiously discriminates against illegitimate children and denies them due process of law, in violation of the Fifth Amendment.

This case does not involve the invidious discrimination found in Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L. Ed.2d 436 (1968), in which illegitimates were precluded from exercising rights solely because of their status as illegitimates. Even though the statute does discriminate against illegitimates who do not fall into one of the three

---

6. *See* Tr. Ex. #25. Dorothy Johnson stated at the hearing that this was a correct statement.

categories[7]—categories along with persons entitled to take under state intestate distribution laws reasonably define that class of children that were getting support from the deceased wage earner. Obviously, some legitimates who were not receiving support will be entitled to benefits because they can inherit but not those illegitimates who were receiving support but are outside one of the three categories. While this is a discrimination, it is not invidious so as to render it a violation of equal protection or due process because the categories set out are reasonably calculated to include those individuals who were receiving support in order that they qualify for benefits. *See* Perry v. Richardson, 440 F.2d 677 (6th Cir. 1971). Because there are a few who the categories include even though they were not receiving support, this does not make for invidious discrimination.

" . . . [T]he Equal Protection Clause does not require that a state must choose between attacking every aspect of the problem or not attacking the problem at all. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369. It is enough that the State's action be rationally based and free from invidious discrimination." Dandridge v. Williams, 397 U.S. 471, 486, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970).

This Court finds that the present statute, Section 216(h)(3)(C) meets the above test and, therefore, is constitutional.

In conclusion, the decision of the Secretary is supported by substantial evidence and should be affirmed.

---

7. The three categories are contained in 42 U.S.C. § 416(h)(3)(C)(i) which states: (i) Such insured individual—
   (I) had acknowledged in writing that the applicant is his son or daughter,
   (II) had been decreed by a court to be the father of the applicant, or

(III) had been ordered by a court to contribute to the support of the applicant because the applicant was his son or daughter . . . .