George **BARNES**, on behalf of Monica Barnes, an Infant 4 Years of Age, Plaintiff,

v.

Elliot **RICHARDSON**, as Secretary of the Department of Health, Education and Welfare, Defendant.

No. 71 Civ. 86.

United States District Court, S. D. New York.

April 17, 1972.

**436**

Kalman Finkel, Legal Aid Society, Civil Appeals Bureau, New York City, for plaintiff; Paul L. Klein, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, by Milton Sherman, Asst. U. S. Atty., for defendant.

## MEMORANDUM

BONSAL, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a decision of the defendant denying plaintiff's application on behalf of his alleged illegitimate daughter, Monica, for child's insurance benefits under Section 202(d) of the Act, 42 U.S.C. § 402(d), which provides for the payment of insurance benefits to the child, as defined in Section 216 of the Act, 42 U.S. C. § 416, of a disabled wage earner.

Plaintiff moves for an order of summary judgment reversing the defendant's determination.

On June 28, 1967 plaintiff was awarded disability benefits pursuant to Section 206(1) of the Act, 42 U.S.C. § 406(1), for a period of disability beginning on April 19, 1966. On December 29, 1966, Monica was born out of wedlock to Evelyn Hasty, and on May 7, 1968 plaintiff applied for insurance benefits on behalf of Monica, stating that she was his daughter. On June 21, 1968 Evelyn Hasty also applied for insurance benefits on behalf of Monica.

On September 23, 1968 their applications were denied on the ground that Monica did not meet the definition of "child" under the Act. On October 10, 1968 plaintiff requested reconsideration of this determination, and by written memorandum dated February 5, 1969 the initial disallowance was affirmed. Thereafter, on September 10, 1969, at plaintiff's request a hearing was held before a hearing examiner of the Social Security Administration's Bureau of Hearings and Appeals, at which hearing the plaintiff appeared *pro se*. In a written decision filed September 23, 1969 the hearing examiner held that Monica was not entitled to child's insurance benefits.

On July 15, 1970 an order of filiation was entered by the New York State Family Court adjudging plaintiff to be Monica's father. This order was submitted to the hearing examiner as new evidence, and by written decision dated August 31, 1970 the hearing examiner once again held that Monica was not entitled to child's insurance benefits, this time because the order of filiation was not in existence at the time plaintiff's period of disability began. With the assistance of counsel, plaintiff appealed this determination, and on November 10, 1970 the Appeals Council of the Bureau of Hearings and Appeals affirmed the hearing examiner's determination. On January 8, 1971 plaintiff commenced this action.

Section 216, 42 U.S.C. § 416, provides in pertinent part as follows:

"(e) The term 'child' means (1) the child or legally adopted child of an individual  .  .  .  .

\*     \*     \*     \*     \*     \*

"(h) (2.) (A) In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

\*     \*     \*     \*     \*     \*

"(3) An applicant who is the son or daughter of a fully or currently insured individual, but who is not (and is not deemed to be) the child of such insured individual under paragraph (2) of this subsection, shall nevertheless be deemed to be the child of such insured individual if:

\*     \*     \*     \*     \*     \*

"(B) in the case of an insured individual entitled to disability insurance benefits, or who was entitled to such benefits in the month preceding the first month for which he was entitled to old-age insurance benefits—

(i) such insured individual—

(I) has acknowledged in writing that the applicant is his son or daughter,

(II) has been decreed by a court to be the father of the applicant, or

(III) has been ordered by a court to contribute to the support of the applicant because the applicant is his son or daughter,

and such acknowledgment, court decree, or court order was made before such insured individual's most recent period of disability began; or

(ii) such insured individual is shown by evidence satisfactory to the Secretary to be the father of the applicant and was living with or contributing to the support of that applicant at the time such period of disability began;"

Plaintiff contends that Sections 216(h) (2) and (3) of the Act are unconstitutional in that they invidiously discriminate against illegitimate children. Plaintiff also contends that the hearing examiner's determination denying Monica child's insurance benefits was based on an erroneous construction of Section 216(h) (3) (B) (ii) and was not supported by substantial evidence.

■ The test for determining the constitutionality of a statutory classification under the Social Security Act is whether the classification is "rationally based and free from invidious discrimination." Dandridge v. Williams, 397 U. S. 471, 487, 90 S.Ct. 1153, 1162, 25 L. Ed.2d 491 (1970); Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971); Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). It appears to the court that Sections 216(h) (2) and (3) meet this test. As Judge Corcoran recently noted in Watts v. Veneman, 334 F.Supp. 482, 485 (D.D.C.1971):

"The statutory scheme embodied by Sections 216(h) (2) and 216(h) (3), *supra,* does not discriminate against illegitimate children *per se.* Rather, it is reasonably designed to disqualify a class of illegitimates who are less likely, as a class, to possess the requisite biological or legal relationship to or economic dependence on the wage earner. Such a classification furthers the purpose of the national program 'to pay benefits to replace the support

lost by a child when his father retires, dies, or becomes disabled.' S.Rep.No. 404, 89th Cong., 1st Sess. 110 (1965)." See also Perry v. Richardson, 440 F.2d 677 (6th Cir. 1971); Parker v. Secretary of Department of Health, Education and Welfare, 453 F.2d 850 (5th Cir. 1972).

Turning to plaintiff's contention that the hearing examiner's determination was based on an erroneous construction of Section 216(h) (3) (B) (ii) and was not supported by substantial evidence, a review of the record indicates that the action should be remanded to the Secretary for the taking of additional evidence.

In order to achieve the broad social aims of the Social Security Act, the court have interpreted the Act's language "in a reasonable and practical way rather than in a technical or restrictive fashion." Widermann v. Richardson, 451 F.2d 1228 (2d Cir. 1971) (Text of opinion not published). In Wagner v. Finch, 413 F.2d 267 (5th Cir. 1969), the court liberally construed the "living with" requirement of Section 216(h) (3) (C) (ii) of the Act, which requirement is identical to the "living with" requirement of Section 216(h) (3) (B) (ii). The court said:

"These people were in a low income group, and because of distance and lack of money, theirs was not a day-by-day relationship. Substance, not form, must govern. Medically speaking, Donna was viable from the instant of conception onward. An action for damages could have been brought in her behalf for injuries she might have received prior to birth. When the deceased wage earner came over for his weekend visits he was in fact living with both child and mother. We would strain ordinary meaning to require that all the proper prerequisites to maintaining a home are

the sine qua non to entitlement under the Act. We find nothing in the legislative history to assist with the definitions of the phrases 'living with' and 'contributing to.' Apparently, Congress did not discuss or contemplate any dollar amount of support or minutes, hours, days or years of 'living with' in order to qualify, once the fact of parenthood was established." (p. 268)

While in *Wagner,* where the hearing examiner found that the "living with" requirement was satisfied, the evidence of the wage earner's relationship with his daughter's mother was developed in some detail; in the instant case, perhaps because plaintiff did not have the assistance of counsel, the evidence of plaintiff's relationship with Evelyn Hasty was not adequately developed. Because plaintiff was proceeding *pro se,* the hearing examiner was under a duty to see that all the relevant facts which might affect the end result were developed. Covo v. Gardner, 314 F. Supp. 894 (S.D.N.Y.1970); Erwin v. Secretary of Health, Education & Welfare, 312 F.Supp. 179 (D.N.J.1970); Stewart v. Cohen, 309 F.Supp. 949 (E. D.N.Y.1970); Sisia v. Flemming, 183 F.Supp. 194 (E.D.N.Y.1960); Jacobson v. Folsom, 158 F.Supp. 281 (S.D.N.Y. 1957).

In view of the liberal interpretation of "living with" set out in *Wagner,* the case is remanded to the Secretary for a further hearing at which plaintiff, with the assistance of counsel, may present evidence of his relationship with Evelyn Hasty prior to the commencement of his period of disability. Plaintiff's motion for summary judgment is denied, and the cause is remanded to the Secretary for reconsideration in accordance with this opinion.

It is so ordered.