Vivian MARACLE, on behalf of her minor child, Michelle Jean Maracle,
and
Mary Ann Slagor, on behalf of her minor child, Joseph Daniel Donovan,
Plaintiffs,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare
and
Janet Donovan Lee, on behalf of her minor children, Leanne, et al.,
Defendants.

Civ. 1970–450.

United States District Court,
W. D. New York.

Sept. 21, 1972.

The Legal Aid Bureau of Buffalo, Inc. Neighborhood Legal Services, Buffalo (Robert D. Kolken, Buffalo, of counsel) for plaintiffs.

John T. Elfvin, U. S. Atty., Buffalo (Richard J. Arcara, Buffalo, of counsel), for defendants.

Before TIMBERS, Circuit Judge, HENDERSON, Chief Judge, and CURTIN, District Judge.

CURTIN, District Judge:

This action challenges the constitutionality of a provision of the Social Security Act, 42 U.S.C. § 301 et seq., which in this case discriminates against some illegitimate children in the payment of child's insurance benefits based upon the earnings record of their deceased father. Invoking the jurisdiction of the court pursuant to 42 U.S.C. § 405(g), plaintiffs seek reversal of a final decision of the Secretary of Health, Education and Welfare which applied the challenged provision, the last sentence of 42 U.S.C. § 403(a), to deny them benefits. Because the relief sought includes an injunction against operation of the provision, a three-judge court was convened pursuant to 28 U.S.C. §§ 2282, 2284. Pending before the panel are cross-motions for summary judgment.

The facts in the case are not disputed. Daniel J. Donovan died domiciled in Buffalo, New York, on October 20, 1968. At the time of his death, he was married and the father of six children. Three of the children were born to his wife, Janet. Two of the children, Monica Joan and Michelle Jean Maracle, were born out of wedlock to Vivian Maracle. The last child, Joseph Daniel Donovan, was born out of wedlock to Mary Ann Slagor, with whom the elder Donovan was living when he died. The three women applied to the Social Security Administration · for child's insurance benefits for their children based upon Donovan's earnings record.[1] Ultimately, in the administrative proceedings that followed, each child was determined to be Donovan's child for purposes of entitlement to benefits under 42 U.S.C. § 402(d). *See* 42 U.S.C. §§ 416(e), 416(h)(2), 416(h)(3). Only the three legitimate children and Monica Joan Maracle, who qualified under 42 U.S.C. § 416(h)(2)(A), were awarded benefits, however. The benefits payable to these children alone exceeded the maximum amount permitted under Donovan's earnings record.[2] The challenged portion of

1. Janet Donovan applied also for wife's insurance benefits for herself. Benefits were awarded but were terminated in November, 1969 following her remarriage.

2. Daniel J. Donovan's children were each entitled to child's insurance benefits equal to three-fourths of his primary insurance amount. *See* 42 U.S.C. § 402(d)

42 U.S.C. § 403(a) was therefore applied to deny benefits to Michelle Jean Maracle and Joseph Daniel Donovan, who qualified under 42 U.S.C. §§ 416(h)(3)(C)(i)(I) and 416(h)(3)(C)(ii) respectively.

Because of the provision of 42 U.S.C. § 403(a) challenged in this case, the particular subsection under which a child qualifies takes on crucial importance when the total benefits payable to qualified individuals exceeds the maximum amount permissible under the deceased person's earnings record. The challenged sentence reads as follows:

Whenever a reduction is made under this subsection in the total of monthly benefits to which individuals are entitled for any month on the basis of the wages and self-employment income of an insured individual, each such benefit other than the old-age or disability insurance benefit shall be proportionately decreased; except that if such total of benefits for such month includes any benefit or benefits under section 402(d) of this title which are payable solely by reason of section 416(h)(3) of this title, the reduction shall be first applied to reduce (proportionately where there is more than one benefit so payable) the benefits so payable (but not below zero).

42 U.S.C. § 403(a).

The challenged provision requires that benefits going to children qualified under 42 U.S.C. § 416(h)(3) be disproportionately reduced when the maximum amount payable to the "family" of a deceased wage earner is exceeded. Its effect is to limit children qualified under 42 U.S.C. § 416(h)(3) to the residual of the maximum amount remaining after all other individuals entitled to benefits have taken their full statutory shares. Such children are totally deprived of insurance benefits unless all others entitled to benefits have received their full grants.

The only issue presented in this case is whether the last sentence of 42 U.S.C. § 403(a) violates the due process clause of the Fifth Amendment because it discriminates against one group of children qualified to receive child's insurance benefits. The Court has concluded that the challenged provision unconstitutionally discriminates and therefore cannot be permitted to stand.

■■■ Although the Fifth Amendment contains no equal protection clause, discrimination may be so arbitrary and unjustifiable as to violate the due process clause. Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884 (1954). The same test is applied in determining whether a federal statutory classification in the area of social welfare comports with due process as is applied in determining whether a state classification is consistent with the equal protection clause of the Fourteenth Amendment. See Richardson v. Belcher, 404 U.S. 78, 81, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). The test is whether the classification is "rationally based and free from invidious discrimination." Dandridge v. Williams, 397 U.S. 471, 487, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970).

In recent years the Supreme Court has rendered four decisions on the rationality of state laws discriminating against illegitimate children. Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968); Glona v. American Guarantee and Liability Insurance Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968); Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971); Weber v. Aetna Casualty and Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972). Without engag-

(2). In both 1968 and 1969 Donovan's primary insurance amount was $168.40, three-fourths of which was $126.30. The total benefits payable to four children would be $505.20, which is in excess of the maximum of $360.00 payable on Donovan's earnings record. See 42 U.S.C. § 415(a).

ing in an extended discussion of the cases, this court agrees with the three-judge court in Davis v. Richardson, 342 F.Supp. 588 (D.Conn.1972), that the Supreme Court's decision in *Weber* is controlling on the issue raised here.[3] In *Weber*, the Court struck down on equal protection grounds a state workmen's compensation law which relegated unacknowledged illegitimate children to a position entitled to recover only if there were not enough other surviving dependents, including legitimate children and acknowledged illegitimate children, to exhaust the maximum allowable benefits.

In Davis v. Richardson, *supra*, which involved a child qualified by acknowledgment under 42 U.S.C. § 416(h)(3) (C)(i)(I), the court held that the last sentence of 42 U.S.C. § 403(a) constituted discrimination violative of the due process clause and enjoined enforcement of the provision. The court considered and rejected the same arguments raised by the Secretary of Health, Education and Welfare in the instant case, and it is not necessary to reiterate the analysis made there.

This court agrees with the court in Davis v. Richardson, *supra*, that the last sentence of 42 U.S.C. § 403(a) involves invidious discrimination unrelated to the purpose of the child's insurance benefits program or to any legitimate legislative consideration governing the law providing the benefits. Therefore, summary judgment is granted for the plaintiffs, and enforcement of the last sentence of 42 U.S.C. § 403(a) is enjoined. The decision of the Secretary of Health, Education and Welfare is reversed, and the case is remanded to him for further proceedings not inconsistent with this decision.

Judgment should be submitted by the plaintiffs on notice.

So ordered.

3. In upholding the constitutionality of the challenged portion of 42 U.S.C. § 403 (a), Parker v. Secretary of Health, Education and Welfare, 453 F.2d 850 (5th Cir. 1972), erroneously relied upon Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971).