Mercedes SANTIAGO, on behalf of Evelyn Guzman and Evelyn Guzman individually, Plaintiff,

v.

David MATHEWS, Secretary of Health, Education and Welfare, Defendant.

No. 75 C 801.

United States District Court,
E. D. New York.

May 10, 1977.

---

Ira S. Bezoza, Brooklyn, N. Y., for plaintiff by Robert L. Begleiter, Brooklyn, N. Y., of counsel.

David G. Trager, U. S. Atty., Brooklyn, N. Y., E. D. N. Y., for defendant by Lewis F. Tesser, Asst. U. S. Atty.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This is an action brought under 42 U.S.C. § 405(g) for judicial review of a denial of Social Security child's insurance benefits. 42 U.S.C. § 402(d). It was referred to a United States Magistrate pursuant to 28 U.S.C. § 636(b) to review the administrative record, hear the parties' contentions and report his recommendation for disposition. Following motions by both parties for summary judgment, the Magistrate recommended judgment in favor of the Secretary. Although the Magistrate's report reflects careful consideration of the matter, an in-

dependent review of the facts accepted by the Secretary, in light of a recent clarification of the law in this Circuit, persuades the court that the Secretary's decision cannot be upheld as a matter of law, and that the plaintiff is entitled to summary judgment.

There is no question that the "child" in this case, Evelyn Guzman, was found by the Secretary to have been the natural daughter of Angel Guzman, a deceased wage-earner whose dependent children were entitled to survivor's benefits under the Social Security Act ("Act"), 42 U.S.C. § 402(d)(1)(C). Because she was an illegitimate child, however, Evelyn was denied benefits on the sole ground that payments of money made on her behalf by her father prior to his death

> "were neither regular nor substantial within the meaning of the statute and no such payments had been ordered to be made by any court of competent jurisdiction, in any proceeding brought for that purpose." [1]

Based on that conclusion the administrative law judge, whose decision was accepted by the Secretary, decided that the plaintiff "failed to establish compliance with the dependency provisions of Section 216(h)(3)(C)" of the Act, 42 U.S.C. § 416(h)(3)(C).

At the time that decision was rendered neither the administrative law judge nor the Appeals Council, which affirmed it, had the benefit of the clarification of law made by the United States Court of Appeals for this Circuit in *Adams v. Weinberger,* 521 F.2d 656 (2 Cir. 1975). *Adams* makes clear that the "contributing to the support" test of dependency, 42 U.S.C. § 416(h)(3)(C)(ii), does not require that the support payments in every case be "substantial" or "regular" or "continuous" in order to qualify for child benefits. *Id.* at 659–660. Those words do not appear in the statute or its legislative history and are not incorporated in the Secretary's regulations.[2] They are no more than judicial grafts upon

1. Hearing Decision of the Administrative Law Judge dated December 17, 1974 at R. 9 ("R." denotes page of the administrative hearing record).

2. See 1965 U.S.Code Cong. and Admin.News, S.Rep., No. 404, June 30, 1965, p. 1958, No. 682, July 26, 1965, pp. 2049–2050, and 45 C.F.R. § 404.320(a)(5), 404.325(a)(2).

the statute which were thought to be useful in sifting out undeserving claims. But as the Court pointed out in *Adams,* since the purpose of the Act "is to provide support to children who have lost either the actual [or the anticipated] support of an insured parent . . . [it] should not be construed in such a manner as to withhold benefits in marginal cases," citing *Herbst v. Finch,* 473 F.2d 771, at 775 (2 Cir. 1972). 521 F.2d at 659.

Having in mind the remedial and humanitarian aims of the Act, the Court in *Adams* noted that any

"assessment of the appropriate level of support necessary for an illegitimate posthumous child to meet the statutory burden must be guided by common sense and the Congressional desire to benefit all children who have lost the support of insured parents." *Id.* at 660.

That same common sense approach should apply here, where it has been shown to the Secretary's satisfaction that Angel Guzman was in fact the father of the claimant's child, and that he did make cash payments over the years to the plaintiff, her mother, which reasonably could only be viewed as contributions to Evelyn's support.

There is no legal requirement that "contributing to the support" payments shall represent complete or adequate support regardless of the father's circumstances. Those terms plainly express that something less than complete support will do. How much less will, of course, depend upon the financial situation of the father in relation to the economic circumstances of the child.

Those are variables which do not lend themselves to standardized determination but will require evaluation on a case by case basis. The only guidance available for such an inquiry is that found in the statute itself. The question to be answered is, do the "contributing to the support" facts corroborate the other evidence of paternity which the Secretary has found to be satisfactory? It should be borne in mind that three classes of illegitimate children need not even show such corroboration; *i. e.,* those whose paternity is established by (1) written acknowledgment of the father, or (2) by court decree, or (3) by a court order to contribute to the support of the child. 42 U.S.C. 416(h)(3)(C)(i). Children in those classes are deemed to be entitled to benefits even though the father contributed nothing by way of support.

In light of Angel Guzman's financial situation and obligations, the extent of his contributions to Evelyn's mother cannot be viewed as of no significance to Evelyn's support or of no corroborative value on the question of paternity. The payments he made were sporadic only in the sense that, although frequent over the years, they were not made at regular intervals. At varying periods beginning with Evelyn's birth in 1956 the payments ranged in single amounts from as little as $10 to as much as $30, $40 or $50 at intervals of two or three or four months. The administrative law judge appears to have accepted $200 to $300 as the total amount paid on an annual basis.

There is no question that Angel Guzman was a fully insured wage-earner. Although the record does not contain a copy of his Social Security earnings history, the administrative law judge read into the record the earnings reported in the last few years before Guzman's death in March 1973. These were as follows:

| 1967 | $ | 749.00 |
|------|---|--------|
| 1968 | | 0.00 |
| 1969 | | 1,907.00 |
| 1970 | | 0.00 |
| 1971 | | 3,538.00 |
| 1972 | | 4,523.00 |
| 1973 | | 0.00 |

At the times Guzman was making payments to Evelyn's mother, he had a family in Massachusetts whom he supported and lived with on a more or less regular basis. Although a fully insured wage-earner, Guzman's earnings history and family obligations placed him in a low-income category. Evelyn's mother was in the same category, her only employment occurring during the three-year period when Evelyn was between the ages of two and five. She has at times lived with her sister, who was married to Guzman's brother, and later went to

live with another man who is the father of her other children. The contributions she received from Guzman, however small and irregular, were thus of importance in the support of Evelyn. In the court's opinion they were significant and fully satisfied the requirement of the Act. The Secretary's decision to the contrary is not supported by substantial evidence and the case must be remanded for a determination of child's insurance benefits payable to Evelyn Guzman.

Accordingly, plaintiff's motion for summary judgment is granted, the Secretary's motion for summary judgment in his favor is denied and his decision denying child's insurance benefits to Evelyn Guzman is reversed, and the case is remanded solely for a determination of the benefits payable to Evelyn Guzman.

SO ORDERED.