Willie Mae **HAMMONDS**, for Israel Green, Plaintiff,

v.

Richard **SCHWEIKER**, Secretary of Health and Human Services, Defendant.

No. 80 Civ. 2508 (RJW).

United States District Court, S. D. New York.

March 30, 1982.

Westchester Legal Services, Inc., White Plains, N. Y., for plaintiff; Joan Magoolaghan, Eileen R. Kaufman, White Plains, N. Y., of counsel.

John S. Martin, Jr., U. S. Atty., S. D. New York, New York City, for defendant; Steven E. Obus, Asst. U. S. Atty., New York City, of counsel.

ROBERT J. WARD, District Judge.

This is an action brought under section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), for judicial review of a denial of child's insurance benefits. Plaintiff Hammonds, mother of Israel Green, the child in question, moves for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. Defendant Schweiker ("the Secretary") cross-moves for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. For the reasons hereinafter stated, plaintiff's motion is denied, the Secretary's cross-motion is denied, and the case is remanded to the Secretary for proceedings consistent with this opinion.

The parties agree that benefits may be awarded in this case only if Israel Green is the "child" of one Leon Kiett within the meaning of section 216(h)(3)(C)(ii) of the Act, 42 U.S.C. § 416(h)(3)(C)(ii). For this section to apply here, it must be shown (1) that Kiett, now deceased, was Israel Green's biological father, and (2) that Kiett, at the time he died, was either (a) living with Israel Green or (b) contributing to the support of Israel Green. The Secretary determined that the second prong of this test was not satisfied; specifically, he held that "[Kiett] neither lived with the claimant, Israel Green, nor contributed to his support at the time of his death, or at any time, within the meaning of [s]ection 216(h)(3)(C)(ii)." Accordingly, the Secretary held that "[Israel Green] cannot be considered [Kiett]'s child under [section 216(h)(3)(C)(ii)]."

The Court's review of the Secretary's determination is limited to whether he applied the proper legal principles and made findings of fact that are supported by substantial evidence. 42 U.S.C. § 405(g);

see *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980).[1] The Court concludes, upon applying this standard, that the Secretary's holding must be affirmed insofar as it rests on the Secretary's determination that Kiett, at the time he died, was not living with Israel Green. Generally, in order to have been "living" with the insured, within the meaning of section 216(h)(3)(C)(ii), the claimant must have, at the time of the insured's death, ordinarily lived in the same home with the insured. 20 C.F.R. § 404.-366(c). Here, it is conceded that Israel Green and Kiett ordinarily lived in the same home during 1967 and 1968. It is further conceded that, except for a five-month period during 1971, Israel Green did not ordinarily live in the same home as Kiett for the seven and one-half years between September 1968 and Kiett's death in 1976. Thus, the record contains substantial evidence to support the Secretary's finding that Israel Green was not living with Kiett at the time of Kiett's death.[2]

■ A more difficult question is presented by the Secretary's finding that, at the time of his death, Kiett was not contributing to Israel Green's support. The question whether an insured individual was, at the time of his or her death, contributing to a claimant's support within the meaning of section 216(h)(3)(C)(ii) is to be answered by comparing the amount and frequency of the insured individual's contributions with the insured individual's income and with the income of the family in which the claimant then resided. *Jones v. Harris*, 629 F.2d 334, 336 (4th Cir. 1980). Generally, the section 216(h)(3)(C)(ii) contribution-to-support requirement is satisfied as long as the insured individual's contributions (1) were commensurate with his or her ability to make support payments[3] and (2) were important to

1. In this action, the Administrative Law Judge (the "ALJ") found, after a hearing, that Israel Green is indeed Kiett's "child" within the meaning of section 216(h)(3)(C)(ii). The Appeals Council declined to adopt the ALJ's finding, and determined that Israel Green is not Kiett's "child" within the meaning of section 216(h)(3)(C)(ii). The decision of the Appeals Council constitutes the final decision of the Secretary, and is to be reviewed by this Court under the standard set forth in text notwithstanding the series of events that led to its issuance. *Lazarus v. Weinberger*, 400 F.Supp. 378, 380–81 (E.D.N.Y.1975).

2. Under the Secretary's regulations, a claimant will be deemed to have been living with an insured individual, notwithstanding the fact that the claimant and the insured individual were living apart at the time of the insured's death, if the separation was merely "temporary" and if the claimant and the insured expected to live together in the same place after the separation. *See* 20 C.F.R. § 404.366(c). This exception to the general rule is in accord with the principle that substance, and not form, must govern determinations whether, under section 216(h)(3)(C)(ii), the claimant was "living with" the insured at the time of the insured's death. *See Wagner v. Finch*, 413 F.2d 267, 268 (5th Cir. 1969); *Barnes v. Richardson*, 342 F.Supp. 435, 438 (S.D.N.Y.1972). Plaintiff's counsel argues to the Court that the seven and one-half years in which Israel Green and Kiett lived apart was a "temporary separation" and that Israel Green and Kiett expected to live together in the same place after this separation. Memorandum of Law in Support of Plaintiff's

Motion for Judgment on the Pleadings, Dec. 4, 1981, at 11. As the Court reads the administrative record, however, plaintiff's counsel made no such argument in the proceedings before the Secretary. Instead, she argued that, because Kiett and Israel Green lived in the same home on most weekends during this seven and one-half year period, the two were never "separated" at all, but had lived together consistently since 1967. *See* Record at 93 (Claimant's Memorandum, undated, at 3 n.*). Since the Secretary was not given an opportunity to pass upon plaintiff's "temporary-separation" argument, and thus has made no factual findings with respect to this argument, the Court declines to allow plaintiff to advance her temporary-separation theory for the first time at this late stage of the proceedings.

3. Under this prong of the contribution-to-support requirement, an insured individual who had a regular and substantial available income normally must have made regular and substantial contributions to the child's support before his or her contributions will be deemed to have been commensurate with his or her ability to make support payments. *Jones v. Schweiker*, 668 F.2d 755, 758 n.5 (4th Cir. 1981); *Jones v. Harris, supra*, 629 F.2d at 336; *Allen v. Califano*, 452 F.Supp. 205, 213 (D.Md.1978); *Norton v. Richardson*, 352 F.Supp. 596, 600–01 (D.Md. 1972), *vacated on other grounds sub nom. Norton v. Weinberger*, 418 U.S. 902, 94 S.Ct. 3191, 41 L.Ed.2d 1150 (1974). However, where the insured individual did not have a regular and substantial available income, but still contributed something to the child's support, his or her

meeting the child's needs. *Boyland v. Califano*, 633 F.2d 430, 433–34 (6th Cir. 1980). The relative liberality of this test derives from the principle that section 216(h)(3)(C)(ii) "should not be construed in such a manner as to withhold benefits in marginal cases." *Adams v. Weinberger*, 521 F.2d 656, 659 (2d Cir. 1975).

Here, plaintiff Hammonds, Israel Green's mother, testified that Kiett's contributions were both commensurate with Kiett's ability to make support payments, Record at 46, and important to meeting Israel Green's needs, Record at 127. Notwithstanding this testimony, the Secretary held that the section 216(h)(3)(C)(ii) contribution-to-support requirement was not satisfied. The Secretary based this holding on his finding that, while Kiett made contributions to Israel Green's support up until just before his death, "any support given by [Kiett] to [Israel Green] was not large enough to meet an important part of [Israel Green's] ordinary living costs."[4]

■ The Court may only affirm the Secretary's holding that Kiett was not contributing to Israel Green's support at the time of his death if the record contains substantial evidence to support the Secretary's finding that Kiett's contributions were not important to meeting Israel Green's needs. "Substantial evidence" means " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). *See generally Parker v. Harris*, 626 F.2d 225, 231–32 (2d Cir. 1980).

The Secretary, in finding that "any support given by [Kiett] to [Israel Green] was not large enough to meet an important part of [Israel Green's] ordinary living costs," plainly rejected the contrary testimony given by Hammonds. The Court has searched the record in vain for even a scintilla of evidence that contradicts Hammonds' testimony. Certainly, the Secretary could have rejected her testimony if, upon an analysis of the dollar value of Kiett's contributions relative to the dollar amount of Israel Green's needs and the dollar amount of the other resources available to meet these needs, he concluded that her testimony was not credible. However, the record is devoid of any evidence relative to the dollar amount of Israel Green's needs or the dollar amount of the other resources available to meet those needs. The Secretary may not, in determining whether the requirements of section 216(h)(3)(C)(ii) have been satisfied, arbitrarily disregard the claimant's mother's testimony without giving any reason for doing so. *Mendoza v. Secretary of Health and Human Services*, 655 F.2d 10, 14 (1st Cir. 1981). Given the record before

contributions may, depending on the facts of the case, be deemed to have been commensurate with his or her ability to make support payments notwithstanding the fact that the contributions were relatively sporadic or relatively insubstantial. *Boyland v. Califano*, 633 F.2d 430, 434 (6th Cir. 1980); *Santiago v. Mathews*, 431 F.Supp. 1213, 1215 (E.D.N.Y. 1977); *cf. Kohut v. Secretary of Health, Education and Welfare*, 664 F.2d 120, 122 (6th Cir. 1981) (contribution-to-support requirement not satisfied where insured individual, at the time of his death, was not contributing *at all* to claimant's support). *See generally* 20 C.F.R. § 404.366(a)(2).

4. As the Court reads the Secretary's decision, he made no finding with respect to the first prong of the contribution-to-support test, namely, the requirement that Kiett's contributions must have been commensurate with his

ability to make support payments. While the Court recognizes that the Secretary found plaintiff Hammonds' testimony that Kiett contributed to the extent he was able "inconsistent" with the evidence that Kiett had a steady job as a garbage collector, the Court observes that the Secretary never resolved this inconsistency, but relied instead solely on his finding that Kiett's contributions were not "important" to meeting Israel Green's needs. The Secretary's failure to resolve this inconsistency is probably explained by the fact that the record is devoid of any evidence as to the dollar amount of Kiett's available income. As is explained in note 3 *supra*, the amount of contributions that an insured individual must have made for the claimant's support in order to satisfy section 216(h)(3)(C)(ii) depends on the amount of the insured individual's available income.

280

him, the Secretary's finding that Kiett's contributions were not important to meeting Israel Green's needs was wholly arbitrary, and cannot be found supported by "substantial evidence" under the definition of that term set forth above.[5]

In short, because the Secretary made no finding with respect to whether Kiett's contributions were commensurate with his ability to make support payments, *see* note 4 *supra*, and because the record does not contain substantial evidence to support the Secretary's finding that Kiett's contributions were not important to meeting Israel Green's needs, the Court has no choice but to remand the case to the Secretary for his reconsideration of the claim. Plaintiff's motion for judgment on the pleadings is accordingly denied, the Secretary's cross-motion for judgment on the pleadings is also denied, and the case is remanded to the Secretary for proceedings consistent with this opinion. The action is hereby placed on the Suspense Docket of this Court during the pendency of the remand.

It is so ordered.

---

**5.** The Court observes that the Secretary's regulations state that "[i]f the insured person only provide[d] gifts or donations once in a while for special purposes, they will not be considered contributions for [the claimant's] support." 20 C.F.R. § 404.366(a)(2). While the Court need not pass on the validity of this regulation, since the Secretary made no finding that any of Kiett's contributions were "gifts or donations ... for special purposes," it takes this opportunity to state that it seriously doubts whether this aspect of the regulations correctly interprets the statutory requirement that the insured individual must have, at the time of his death, been "contributing to" the claimant's support. As described in text, this requirement is satisfied if the insured individual's contributions were commensurate with his or her ability to make support payments and were important to meeting the claimant's needs. Certainly, this standard is susceptible of being satisfied by "gifts or donations" that are made "once in a while for special purposes." Imagine, for example, an annual birthday present in the amount of $15,000. As a result, the Court is extremely doubtful that the Secretary's *per se* rule that "gifts or donations ... for special purposes" "will not be considered contributions for [a claimant's] support" would survive judicial scrutiny. Like any other contributions made to a claimant by an insured individual, such "gifts or donations" should be analyzed by the extent to which they were commensurate with the insured individual's ability to make support payments and were important to meeting the claimant's needs.