Andrew **WILLIAMS**, Appellant,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education and Welfare, Appellee.

No. 9637.

United States Court of Appeals Fourth Circuit.

Argued April 9, 1965.

Decided Nov. 23, 1965,

Glyn Dial Ellis, Logan, W. Va., for appellant.

Robert C. McDiarmid, Atty., Dept. of Justice, (John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Atty., Dept. of Justice, and George D. Beter, Acting U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

PER CURIAM:

This action was brought by Andrew Williams against the Secretary of Health, Education and Welfare, pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to obtain judicial review of the final decision of the Secretary denying his application for the establishment of a period of disability and for disability insurance benefits under Sections 216(i) and 223 of the Act, 42 U.S.C.A. §§ 416(i) and 423. The definition of "disability" was the same under both sections of the Act. The District Court upheld the Secretary's decision and Williams appealed.

On July 30, 1965, Congress amended the provisions of the Social Security Act which were in effect at the time claimant filed his application and at the time of the decision below. Prior to our decision but subsequent to the submission of this appeal the amendments of July 30, 1965,[1] became effective. By the amendments the claimant is only required to establish a "disability" which has lasted or can be expected to last for a continuous period of at least 12 months rather than a "disability" expected to be of long-continued and indefinite duration.

The Hearing Examiner found, on consideration of the entire record, that claimant had not established that he had "impairments, either singly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity at any time for which his application of December 18, 1961, was effective." This became the decision of the Secretary. The District Court, in upholding the Secretary's decision, said:

"The court has carefully reviewed the several medical reports in the record and finds that they afford ample ground to justify the Secretary in reaching the conclusion that he did reach. If it could be said, which we do not think it honestly can, that the evidence is in material conflict on the question of disability, either physically or mentally, the decision of the Secretary resolving the conflict against the plaintiff [Williams] is made * * * conclusive and binding on this court of review. Consequently, the court can see no useful purpose to be served in engaging in a detailed analysis of each individual medical report."

The scope of judicial review is limited to determining whether there is

---

1. Public Law 89-97; 79 Stat. 286. See U.S. Code Congressional and Administrative News, August 23, 1965, p. 1869.

The amendments with which we are here concerned are, in pertinent part, as follows:

TITLE III—SOCIAL SECURITY AMENDMENTS

DISABILITY INSURANCE BENEFITS

Sec. 303. (a) (1) Clause (A) of the first sentence of section 216(i) (1) of the Social Security Act [42 U.S.C.A. § 416(i) (1)] is amended by striking out "or to be of long-continued and indefinite duration" and inserting in lieu thereof "or has lasted or can be expected to last for a continuous period of not less than 12 months".

(2) So much of section 223(c) (2) of such Act [42 U.S.C.A. § 423(c) (2)] as precedes the second sentence thereof is amended to read as follows:

"(2) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; or".

substantial evidence in the record to support the Secretary's action. 42 U.S.C.A. § 405(g); Underwood v. Ribicoff, 298 F.2d 850 (4 Cir. 1962). Before a claimant is entitled to benefits under the Act he must show medically determinable physical or mental impairment or impairments, which, singly or in combination, render him unable to engage in any substantial gainful activity. The Secretary determined that claimant had failed to establish his inability to engage in any substantial gainful activity at any time for which his application was effective. The court below found substantial supporting evidence and our review of the record as a whole leads us to the same conclusion.

We are of the opinion that the end result in this case would not be affected by applying the 1965 amendments to the Act. Therefore the decision below is affirmed.

Affirmed.