**Pauline TURLEY, Plaintiff,**

v.

**Wilbur J. COHEN, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 68–48 CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

March 29, 1971.

James H. Coleman, Charleston, W. Va., for plaintiff.

W. Warren Upton, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM OPINION

KNAPP, District Judge.

This action is brought under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) for Judicial Review of a final decision of the Secretary of Health, Education, and Welfare, denying the claim of the plaintiff, Pauline Turley, on behalf of Shelva A. Adkins, a minor, for child's benefits under section 202(d) of the Social Security Act, 42 U.S.C. § 402(d). The plaintiff bases this claim on the social security earnings record of Woodrow Adkins, alleged to be the child's natural father.

The plaintiff filed her application on July 18, 1966. The Secretary denied this application initially and on reconsideration for the reason that the child lacked status as the wage earner's child within the meaning of the Social Security Act. The plaintiff requested that her claim be considered by a Hearing Examiner of the Social Security Administration, Bureau of Hearings and Appeals. A hearing was conducted at which the plaintiff, represented by counsel, was present and participated. The Hearing Examiner on October 23, 1967, ruled that for the reason given earlier by the Administration, the child claimant did not qualify for benefits as the child of Woodrow Adkins. That decision became the "final decision" of the Secretary which is before this court for review pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g).

The issue for determination by the court is whether the Secretary's decision that the child claimant, Shelva Adkins, is not entitled to benefits as the wage earner's child because she fails to meet the status requirements of the Social Security Act, is supported by substantial evidence in the record. In Laws v. Celebrezze, 368 F.2d 640 (4 Cir. 1966), substantial evidence was defined as " * * * evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a scintilla of evidence, but may be somewhat less than a preponderance."

The wage earner, Woodrow Adkins, applied to the Secretary for disability insurance benefits on February 24, 1966. The administration determined he met the requirements of the Act for such benefits beginning on February 21, 1966, and awarded him disability benefits effective with the month of September, 1966.

The child claimant in this case, Shelva Annette Adkins, was born out of wedlock to the plaintiff, Pauline Turley, on March 1, 1966, the month following the month when the wage earner's period of disability began. It appears that Shelva's father is the wage earner, Woodrow Adkins. The wage earner and the plaintiff met in 1963 or in January 1964 at Billings' Tavern and began dating and having sexual relations, although they have never lived together and their children have never lived with him. The wage earner is married and has four grown children. The plaintiff has been twice married previously.

In March, 1964, the plaintiff became pregnant with William Edward Adkins, who was born in December 1964. This child also is alleged to be the child of the wage earner. In June 1965, before the wage earner's period of disability began, he acknowledged William in writing as his child and the Social Security Administration has awarded William benefits as the wage earner's child because the wage earner's written acknowledgment brings William within the qualifying

provision of Section 216(h) (2), (3) (B) (i) of the Act. Shelva, the claimant in this case, was not born, however, until the month after the wage earner's period of disability began, and the wage earner did not acknowledge her in writing until after that time.

The child claimant's eligibility for benefits is governed by 202(d) of the Act, 42 U.S.C. § 402(d), which provides in pertinent part:

"(d) (1) Every child (as defined in section 216(e)) of an individual entitled to old-age or disability benefits, * * * if such child—

"(A) has filed application for child's insurance benefits,

\* \* \* \* \* \*

shall be entitled to a child's insurance benefit for each month, beginning with the first month * * * in which such child becomes so entitled * *."

Section 216(e) of the Act, 42 U.S.C. § 416(e), provides that the term "child" means the child or legally adopted child of an individual.

The criteria for determination of child's status are set forth in sections 216(h) (2) and 216(h) (3) of the Act, 42 U.S.C. § 416(h) (2) and § 416(h) (3). Section 216(h) (2) (A) provides that in determining whether an applicant is the child of an insured individual the Secretary shall apply the law as would be applied in determining the devolution of intestate personal property by the courts of the insured individual's domicile. The plaintiff has conceded that Shelva Adkins, the child claimant in this case, does not satisfy 216(h) (2) (A) of the Act. For it is clear that in West Virginia, the wage earner's domicile, illegitimate children have no inheritance rights in their father's estate. West Virginia Code, Ch. 42, Art. 1, § 5; Pace v. Celebrezze, 243 F. Supp. 317 (D.C.1965).

An alternative, however, is provided in section 216(h) (3) of the Act, 42 U.S. C. § 416(h) (3), which reads in pertinent part:

"(3) An applicant who is the son or daughter of a fully or currently insur-

ed individual, but who is not (and is not deemed to be) the child of such insured individual under paragraph (2) of this subsection, shall nevertheless be deemed to be the child of such insured individual if:

      \*      \*      \*      \*      \*      \*

"(B) in the case of an insured individual entitled to disability old-age insurance benefits—

"(i) such insured individual—

"(I) has acknowledged in writing that the applicant is his son or daughter,

"(II) has been decreed by a court to be the father of the applicant, or

"(III) has been ordered by a court to contribute to the support of the applicant because the applicant is his son or daughter, and such acknowledgment, court decree, or court order was made before such insured individual's most recent period of disability began; or

"(ii) such insured individual is shown by evidence satisfactory to the Secretary to be the father of the applicant and was living with or contributing to the support of that applicant at the time such period of disability began; \* \* \*."

The child cannot qualify as a child entitled to benefits under certain portions of 216(h) (3) of the Act. The record contains no basis for finding that the wage earner acknowledged Shelva in writing as his child before his period of disability. The court order holding the wage earner liable for Shelva's support was not rendered until July 11, 1966. This is over four months after the wage earner's period of disability began. So, too, it is undisputed that the wage earner never lived with the child claimant in this case.

The plaintiff bases her entire case on her contention that the wage earner before his period of disability began was contributing to Shelva's support within the meaning of section 216(h) (3) (B) (ii). The claimant, Shelva, was born after the wage earner's period of disabil-

ity began; therefore, the plaintiff must prove that the wage earner was contributing to the support of the plaintiff during her pregnancy with Shelva since contributions to a child's mother for an unborn child or to the mother would be considered by the Secretary as contributions to the unborn child. The plaintiff rests her entire case on her own self-serving statements, which are uncorroborated, that the wage earner contributed to her support during her pregnancy with Shelva and has contributed to Shelva's support after she was born. The wage earner, who has readily acknowledged paternity of both children, and who would have no motive for making an untrue statement, has admitted that he contributed to William's support, but has denied ever having contributed to Shelva's support and his statement further does not mention furnishing any support contributions to the plaintiff.

■ It is settled that where the Social Security Act refers to support contributions as an element of entitlement, it means "regular and substantial" support. Hupp v. Celebrezze, 220 F.Supp. 463 (N.D.Iowa, 1962); Carey v. Social Security Board, 62 F.Supp. 458 (W.D. Ky., 1945). This criterion is not satisfied, therefore, by occasional gifts and minor contributions at irregular intervals. Carey v. Social Security Board, supra at 460. The plaintiff alleges that the wage earner made regular monthly contributions to her in cash or kind, beginning with her pregnancy with William. She is not certain of the amount of these contributions and at first she could not state whether, or to what extent, they diminished after the wage earner's disability. Later she said that the wage earner, after an interval of paying her nothing at all continued to pay her $15.00 to $30.00 after his disability. She has said that the wage earner bought all of Shelva's clothes and blankets before she was born, but the amount and value of these contributions is not shown. In her initial statement at the hearing she gave the impression that the wage earner had willingly donated a

substantial amount to her on a regular basis from the inception of their relationship up to the present time. Later, however, she had to admit that she had threatened the wage earner with court action in October, 1965, because he had refused from time to time to contribute any support to William; and still later, she testified that for a time after the wage earner's disability he had been unable to give her anything.

There is also a conflict in the record as to how long a time the wage earner and the plaintiff were on close terms.

 It is not the province of a reviewing court to determine which of the witnesses is telling the truth. It is settled that in a proceeding under 42 U.S.C. § 405(g) findings as to the credibility of a witness are the province of the fact finder rather than the reviewing court, Moon v. Celebrezze, 340 F.2d 926, 930 (7 Cir., 1965); Haley v. Celebrezze, 351 F.2d 516 (10 Cir., 1965); Celebrezze v. Zimmerman, 339 F.2d 496, 497 (5 Cir. 1964); Hupp v. Celebrezze, supra, 220 F.Supp. at 465; Larmay v. Hobby, 132 F.Supp. 738 (E.D.Wis., 1955). It is the Secretary's prerogative to resolve conflicts in the evidence, Celebrezze v. Maxwell, 315 F.2d 727 (5 Cir. 1963); Ferenz v. Folsom, 237 F.2d 46 (3 Cir., 1956), cert. denied 352 U.S. 1006, 77 S.Ct. 569, 1 L.Ed.2d 551 (1957); and to draw inferences from the established facts; Sabbagha v. Celebrezze, 435 F.2d 509 (4 Cir., 1965); Martlew v. Celebrezze, 320 F.2d 887 (5 Cir., 1963); Ferenz v. Folsom, supra. If the Secretary's decision is supported by substantial evidence in the record it must be affirmed by the court. N. L. R. B. v. Hearst Publication, Inc., 322 U.S. 111, 130, 131, 64 S.Ct. 851, 88 L.Ed. 1170 (1944); Williams v. Celebrezze, 353 F.2d 74 (4 Cir., 1965); Sabbagha v. Celebrezze, supra.

Also the plaintiff has the burden of proving the child's eligibility for social security benefits. Mark v. Celebrezze, 348 F.2d 289 (9 Cir., 1965); Carqueville v. Flemming, 263 F.2d 875 (7 Cir., 1959); Quesenberry v. Celebrezze, 214 F.Supp. 697 (S.D.W.Va., 1963).

After reviewing the record as a whole with its conflicts and inconsistencies, it is my opinion that the Secretary's decision is supported by substantial evidence. That decision denied the claim of the plaintiff, Pauline Turley, on behalf of Shelva A. Adkins, a minor, for child's benefits under section 202(d) of the Social Security Act, 42 U.S.C. § 402(d).

Accordingly, the Secretary's motion for summary judgment is granted, and his decision is affirmed. Counsel may prepare an order incorporating this opinion by reference therein.