**Arilla JONES, on behalf of Beverly A. Jones, Appellants,**

v.

**Patricia R. HARRIS, Secretary of Health, Education and Welfare, Appellee.**

No. 79–1650.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1980.

Decided Aug. 29, 1980.

Charles T. L. Anderson, North State Legal Services, Inc., Hillsborough, N. C., for appellants.

Gale Graham, Asst. Regional Atty., Dept. of Health, Ed. and Welfare (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., H. M. Michaux, Jr., U. S. Atty., Durham, N. C., Randolph W. Gaines, Chief of Litigation, Lillie Price, Dept. of Health, Ed. and Welfare, Baltimore, Md., on brief), for appellee.

Before HALL and PHILLIPS, Circuit Judges, and WALTER E. HOFFMAN, United States District Judge, sitting by designation.

PER CURIAM:

Plaintiff, on behalf of her daughter appeals the judgment of the district court affirming the Secretary's denial of child's insurance benefits. Concluding that the determination of ineligibility is inadequately supported, we remand to the Secretary for reconsideration of the claim.

## I

Beverly Jones was born on March 20, 1962, the illegitimate daughter of Arilla Jones and David Craig. The child lived with her mother in the home of her maternal grandparents. David Craig lived with his mother and siblings. Both families were large and impoverished. Craig was employed and earned $1,483.67 in 1962. In March 1963, after a month-long hospitalization, Craig died. His earnings for 1963 were $301.65. In 1975, Arilla Jones filed an application for child's insurance benefits for Beverly Jones, the child of the deceased wage earner. The application stated that Craig occasionally contributed money in unknown amounts to the child's support and that Craig supplied diapers and milk for Beverly. Cecil and Alease Jones, father and mother of Arilla Jones, submitted statements that Craig gave some support for the child. After initial denial of the application, supplemental statements were submitted by Cecil Jones, attesting that he took Craig to purchase clothes, diapers, and milk for Beverly, by Nora Craig, David Craig's mother, attesting that her son refused to give her money on several occasions because he was saving it for the child, by Arilla Jones, stating that Craig gave approximately $15 twice a month, and by Alease Jones stating that Craig contributed money or goods in the approximate amount of $15 twice a month. Plaintiff's application was denied after reconsideration, and she requested a hearing.

After the hearing, the administrative law judge concluded that the evidence established that David Craig was the father of Beverly Jones but that the child did not qualify for benefits. The ALJ noted the inconsistencies between statements made on plaintiff's initial application and those made in the supplemental statements submitted after the initial decision to deny the claim was made. The ALJ concluded "that while the wage earner may have occasionally given some money and goods, he did not make regular and substantial contributions for the support of the claimant."

The Appeals Council affirmed the hearing decision as did the district court.

## II

Section 202(d)(1) of the Social Security Act, 42 U.S.C. § 402(d)(1), provides for payment of child's insurance benefits to a deceased wage earner's child, as defined in § 216(e), 42 U.S.C. § 416(e), who meets the conditions of entitlement. To be entitled to benefits, the child must have been dependent on the wage earner at the time of the parent's death. Under the statutory scheme certain categories of legitimate and illegitimate children are presumed dependent. 42 U.S.C. §§ 402(d)(3), 416(h)(2)(B), (3)(C). Plaintiff asserts that the child qual-

ifies under § 216(h)(3)(C)(ii), 42 U.S.C. § 416(h)(3)(C)(ii), which requires plaintiff to show that the wage earner was Beverly's father and that he was living with or contributing to the support of Beverly at the time of his death. The ALJ concluded that Craig was the father of Beverly but that he was not making regular and substantial contributions to the child's support at the time of his death.

The claimant argues first, that the test applied by the ALJ, "regular and substantial contribution," is inappropriate and second, that if the stated test is correct, the decision is unsupported by substantial evidence. The Secretary contends that "contributing to support" means that regular and substantial contributions were made. This test has been upheld, e. g., *Carey v. Social Security Board*, 62 F.Supp. 458 (W.D. Ky.1945); *Allen v. Califano*, 452 F.Supp. 205 (D.Md.1978), but plaintiff argues that substantiality of contribution is not required by the statute and points out that this view was accepted in *Adams v. Weinberger*, 521 F.2d 656, 659 (2d Cir. 1975).

From the record, we cannot determine the exact significance attached by the ALJ to his requirement of regularity and substantiality of contributions. While we cannot believe that he understood and applied these in any absolute sense unrelated to the amount and flow of the wage earner's income and to the child's needs, we cannot be sure in the absence of any findings of fact upon these critical matters. Because the test applied to the claim is thus unclear, we cannot conduct a principled review, and must remand for reconsideration of the claim. *See, e. g., Smith v. Califano*, 592 F.2d 1235, 1236 (4th Cir. 1979); *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

 Upon remand, the test properly to be applied is whether contributions regular and substantial in relation to the wage earner's income and the child's needs were made.

The Act is intended to offset economic dislocation suffered by dependents on account of the death of the wage earner, *see Mathews v. Lucas*, 427 U.S. 495, 507, 96 S.Ct. 2755, 2763, 49 L.Ed.2d 651 (1976). The purpose of the Act cannot be furthered by applying a test of substantiality of contribution in the abstract because the loss of small, regular contributions to a poor family would cause the economic dislocation the Act seeks to prevent. Whether the wage earner was contributing to the support of Beverly must be determined by comparing the amount and frequency of contribution with the wage earner's income and with the income of the family in which the child resided.[1] This approach was used in *Kasey v. Richardson*, 331 F.Supp. 580 (W.D.Va. 1971), aff'd on other grounds, 462 F.2d 757 (4th Cir. 1972), in which the district court compared the contribution of the wage earner, $30 a month, to that part of the family's welfare check that could be apportioned to the child, $21.50 a month in holding that the deceased wage earner was contributing to the child's support.

The case is remanded to the district court with instructions to remand to the Secretary for further proceedings in accordance with this opinion. Upon reconsideration of the claim, the burden of proof in respect of the critical elements of the test herein defined of course rests with the claimant, subject to the fact finder's determinations of credibility.

*REMANDED.*

---

1. The regulations now in effect state that "[c]ontributions must be made regularly and must be large enough to meet an important part of your ordinary living costs." 20 C.F.R. § 404.366(a)(2). The regulations contemplate that size of the contribution is to be measured against the ordinary living expenses of the claimant. We believe the test set out in the current regulations is not a new one but rather a more precise definition of the standard in effect when plaintiff applied for benefits.