The decision of the district court will be reversed.

**Nancy L. McNEAL, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

No. 82–5632.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 10, 1983.

Decided June 28, 1983.

As Amended July 13, 1983.

Edith Benson, Northwestern Legal Services, Sharon, Pa., for appellant.

J. Alan Johnson, U.S. Atty., Anthony M. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., Diane C. Moskal, Regional Atty., David L. Hyman, Asst. Regional Atty., Dept. of Health and Human Services, Region III, Philadelphia, Pa., for appellee.

Before ADAMS and WEIS, Circuit Judges, and DEBEVOISE,* District Judge.

## OPINION OF THE COURT

DEBEVOISE, District Judge:

This case involves the review of a final decision of the Secretary of Health and Human Services denying plaintiff's, Nancy Lampkins McNeal's, application for survivor's insurance benefits. The wage earner, McKenzie Dunklin, Jr., died in 1971. Plaintiff claimed that she and Dunklin had entered into a common-law marriage in 1963 and that he was the father of her daughter, Benita Lampkins, born the same year. On July 30, 1979 plaintiff filed an application for survivors' social security benefits for herself and her daughter. Both applications were denied initially and on reconsideration. Plaintiff requested and was granted an administrative hearing and a *de novo* review of her application.

The Administrative Law Judge determined that a valid common-law marriage did not exist between plaintiff and Dunklin, that Dunklin was the father of plaintiff's child Benita but that he was not living with the child or contributing to her support at the time of his death. Therefore, the Administrative Law Judge concluded that the application for survivors' insurance benefits should be denied. The decision became final when the Appeals Council found no basis for review.

Plaintiff instituted suit in the District Court. Cross-motions for summary judgment were filed and the United States Magistrate to whom the matter had been

---

* Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation.

referred recommended that the Secretary's motion be granted. After considering plaintiff's objections, the District Court adopted the Magistrate's Report and Recommendation and granted the Secretary's motion. This appeal followed.

■ We conclude that the District Court correctly determined that there was substantial evidence to support the Secretary's finding that a common-law marriage between plaintiff and Dunklin had not existed, and in that respect the judgment of the District Court will be affirmed. We also conclude that the Administrative Law Judge applied an erroneous legal standard to determine whether Dunklin was contributing to Benita's support at the time of his death, and in that respect the judgment of the District Court will be vacated with directions to remand this case to the Secretary for further proceedings consistent with this opinion.

It appears that plaintiff and Dunklin lived together from April 1963 until sometime in 1965. Benita had been born to plaintiff on March 30, 1963. The Administrative Law Judge found that Dunklin was Benita's father. After Dunklin left plaintiff and his daughter he made some contributions to his daughter's support. There is evidence in the record that from time to time Dunklin gave plaintiff money for Benita's benefit, *e.g.*, payments of $30 three or four times a year, and that occasionally he bought her groceries, clothing and toys.

Dunklin's earnings were minimal. According to his earnings record they were:

1963 – 0
1964 – 1027.62
1965 – 2867.09
1966 – 775.79
1967 – 1515.56
1968 – 2661.30
1969 – 2086.91
1970 – 761.09
1971 – 0

Dunklin died on October 10, 1971. On July 30, 1979 plaintiff applied for survivors' benefits for herself and her child.

In order to qualify for benefits Benita had to establish that she was "dependent upon" Dunklin at the time of his death. At the time pertinent to these proceedings 42 U.S.C. § 402(d)(1) provided that:

Every child ... of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—

(A) has filed application for child's insurance benefits,

(B) at the time such application was filed was unmarried and (i) either had not attained the age of 18 or was a full-time student and had not attained the age of 22 ... and,

(C) was dependent upon such individual

.    .    . '    .    .

shall be entitled to a child's insurance benefit for each month, beginning with the first month after August 1950 in which such child becomes so entitled to such insurance benefits ....

In 42 U.S.C. § 402(d)(3) it is provided that:

A child shall be deemed dependent upon his father or adopting father or his mother or adopting mother at the time specified in paragraph (1)(C) of this subsection unless, at such time, such individual was not living with *or contributing to the support of such child* and—

(A) such child is neither the legitimate nor adopted child of such individual, or

(B) such child has been adopted by some other individual.

(Emphasis added.)

Applying these statutory provisions, the Administrative Law Judge, after finding that Dunklin was Benita's father, stated:

"Contributing to support" under the Social Security Act means *regular and substantial* contributions in cash or in kind in an amount large enough to be a material factor in the reasonable costs of the child's support. Careful evaluation of the entire record fails to establish that the

wage earner contributed to his daughter's support within the meaning of the Act. (Emphasis added.)

The Administrative Law Judge's ruling that "contributing to support" of a child requires regular and substantial contributions finds some support in the applicable regulations.

> Contributions must be made regularly and must be large enough to meet an important part of your ordinary living costs. Ordinary living costs are the costs for your food, shelter, routine medical care, and similar necessities. If the insured person only provides gifts or donations once in a while for special purposes, they will not be considered contributions for your support. Although the insured's contributions must be made on a regular basis, temporary interruptions caused by circumstances beyond the insured person's control, such as illness or unemployment, will be disregarded unless during this interruption someone else takes over responsibility for supporting you on a permanent basis.

 In the case of an employed wage earner the regular and substantial contribution test for entitlement under 42 U.S.C. § 402(d) is appropriate, *e.g., Allen v. Califano,* 452 F.Supp. 205 (D.Md.1978); *Turley v. Cohen,* 325 F.Supp. 1067 (S.D.W.Va.1971). However, when the wage earner was unemployed or destitute, his economic condition and his attempts to assist his child within the limits of his ability to do so must be taken into account when determining whether a wage earner was "contributing to the support" of his child within the meaning of 42 U.S.C. § 402(d)(3). The proper test and the nature of the inquiry in such a situation is set forth in *Jones v. Harris,* 629 F.2d 334 (4th Cir.1980):

> ... the test properly to be applied is whether contributions regular and substantial in relation to the wage earner's income and the child's needs were made.

> .    .    .    .    .

> The purpose of the Act cannot be furthered by applying a test of substantiality of contribution in the abstract because the loss of small, regular contributions to a poor family would cause the economic dislocation the Act seeks to prevent. Whether the wage earner was contributing to the support of Beverly must be determined by comparing the amount and frequency of contribution with the wage earner's income and with the income of the family in which the child resided.

at 336; *see also Parker v. Schweiker,* 673 F.2d 160 (6th Cir.1982); *Adams v. Weinberger,* 521 F.2d 656 (2d Cir.1975).

When determining whether Dunklin, the wage earner, contributed to Benita's support within the meaning of the statute, the Administrative Law Judge failed to take into account Dunklin's income, or lack thereof. This he should have done.

We affirm the judgment of the District Court insofar as it sustained the Administrative Law Judge's finding that plaintiff was not Dunklin's common-law wife. Insofar as the judgment of the District Court sustained the Administrative Law Judge's finding that Dunklin was not contributing to Benita's support at the time of his death, the case is remanded to the District Court with instructions to remand to the Secretary for further proceedings in accordance with this opinion.