829 F.2d 647
 19 Soc.Sec.Rep.Ser. 88, Unempl.Ins.Rep. CCH 17,582
James Etta JONES for Darren L. CARR and Ronald Carr, Appellant,
v.
Otis R. BOWEN, M.D., Secretary of the Department of Health
and Human Services, Appellee.
 No. 87-1756.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 8, 1987.
Decided Sept. 22, 1987.
 
 James W. Stanley, Jr., North Little Rock, Ark., for appellant.
 Karen J. Sharp of the Dept. of Health & Human Services, Dallas, Tex., for appellee.
 Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 James Etta Jones brought this action on behalf of her nephews, Darren and Ronald Carr, to recover child-survivor benefits under the Social Security Act, 42 U.S.C. Sec. 416(h)(3)(C)(ii). Appellant's claim was denied by an Administrative Law Judge,[1] and the District Court[2] upheld that decision. We affirm.
 
 
 2
 To qualify for child-survivor benefits, a claimant must show (1) that a deceased wage-earner covered by social security was his biological parent, and (2) that the deceased was either living with him or contributing to his support at the time of death. Ample evidence was presented showing that Lee Roy Carr, the deceased, was the father of Darren and Ronald. The satisfaction of that requirement is not questioned. At issue is whether appellant can fulfill the second requirement.
 
 
 3
 Appellant does not contend that Lee Roy Carr was living with the children at the time of his death. Rather, she argues that the cohabitation requirement should be interpreted differently, requiring only that Carr have lived with the children during some period of time prior to his death. The statutory language is clear, however, and cannot be read as appellant desires.[3] The cases cited by appellant in support of her interpretation, Madison v. Richardson, 354 F.Supp. 383 (M.D.La.1973) and Wagner v. Finch, 413 F.2d 267 (5th Cir.1969), are distinguishable. In those cases, the father was forced to live away from his children by reasons outside his control. In this case, the father chose not to live with his children.
 
 
 4
 Appellant does contend that Lee Roy Carr was contributing to the support of his children when he died. She argues that, in light of Carr's income and resources, he was making a significant contribution. Appellant terms the standard for evaluating support a de minimis test and claims it has been adopted by several circuits. See, e.g., McNeal v. Schweiker, 711 F.2d 18 (3d Cir.1983); Jones v. Harris, 629 F.2d 334 (4th Cir.1980); Boyland v. Califano, 633 F.2d 430 (6th Cir.1980).
 
 
 5
 Carr was in poor health and had little or no income between 1978, when he last lived with the children, and 1985, when he died. In her application for child's insurance benefits and in a Child Relationship Statement, appellant stated that Carr was not contributing to the support of the children. Indeed, the record shows that Carr's only contribution to his children's support was the candy he gave them during his twice monthly visits.
 
 
 6
 In the cases cited by appellant, the deceased wage-earner had negligible income, yet on a regular basis gave to his children food, clothing, or money. A bimonthly gift of candy does not constitute support, even under appellant's test.
 
 
 7
 We hold that the Administrative Law Judge's decision was supported by substantial evidence.
 
 
 8
 Affirmed.
 
 
 
 [1]
 The Hon. L.D. Blair
 
 
 [2]
 The Hon. William R. Overton, late a United States District Judge for the Eastern District of Arkansas
 
 
 [3]
 The statute reads as follows in relevant part:
 (h) Determination of family status
 (3) An applicant who is the son or daughter of a fully or currently insured individual ... shall ... be deemed to be the child of such insured individual if:
 (C) in the case of a deceased individual--
 (ii) such insured individual is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.