34 F.3d 665
 45 Soc.Sec.Rep.Ser. 496, Unempl.Ins.Rep. (CCH) P 14098B
Dianne ROBINSON for DeMarcus VIRGIES, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-3463.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1994.
Decided Sept. 8, 1994.
 
 Gregory Wallace, Charlottesville, VA, argued (Anthony Bartels, Jonesboro, AR, on the brief), for appellant.
 Rodney A. Johnson, Dallas, TX, argued, for appellee.
 Before LOKEN, Circuit Judge, ROSS, Senior Circuit Judge, and JOHN R. GIBSON, Senior Circuit Judge.
 LOKEN, Circuit Judge.
 
 
 1
 Dianne Robinson, on behalf of her son, DeMarcus Virgies, appeals a district court[1] judgment affirming the denial of her application for child survivor benefits under the Social Security Act. Concluding that David Virgies, the deceased wage earner, did not contribute to the support of DeMarcus within the meaning of 42 U.S.C. Sec. 416(h)(3)(C)(ii), we affirm.
 
 
 2
 DeMarcus Virgies was born on October 15, 1980. David Virgies and Robinson never married. Virgies died in February 1982, and Robinson filed an application for child survivor benefits on behalf of DeMarcus. Her application was denied by an administrative law judge in July 1983. In July 1987, Robinson filed the present application, submitting new evidence on the issue of paternity. After a hearing, the ALJ granted benefits, concluding that there was sufficient proof of paternity and that Virgies "regularly and substantially supported DeMarcus ... 'as best he could.' " The ALJ also reopened the agency's earlier denial, so that the award of benefits would date from Robinson's initial application.
 
 
 3
 The Appeals Council granted review and denied the application for benefits. It found Robinson's proof of paternity unpersuasive and further found that, before he died, Virgies did not make "regular and substantial" contributions to DeMarcus's support, as required by the Secretary's regulations. Finally, the Council ruled that there was no basis for reopening the 1982 application under the governing regulation, 20 C.F.R. Sec. 404.988(c)(8).
 
 
 4
 Robinson petitioned the district court to review the Appeals Council decision, which is a final agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). That court granted summary judgment, concluding that there is substantial evidence to support the Appeals Council determination that Virgies made neither regular nor substantial contributions to DeMarcus's support. Robinson appeals, attacking all three prongs of the Appeals Council's decision. Like the district court, we do not reach the paternity and reopening issues.
 
 
 5
 Unable to satisfy the alternative statutory criteria for child survivor benefits, Robinson must prove that DeMarcus qualifies under 42 U.S.C. Sec. 416(h)(3)(C)(ii), which provides that an applicant is deemed to be the child of the insured if:
 
 
 6
 (ii) such insured individual is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.
 
 
 7
 (Emphasis added.) The Secretary's regulations expand upon the statutory phrase "contributing to the support of the applicant":
 
 
 8
 (2) Contributions must be made regularly and must be large enough to meet an important part of your ordinary living costs. Ordinary living costs are the costs for your food, shelter, routine medical care, and similar necessities. If the insured person only provides gifts or donations once in a while for special purposes, they will not be considered contributions for your support. Although the insured's contributions must be made on a regular basis, temporary interruptions caused by circumstances beyond the insured person's control, such as illness or unemployment, will be disregarded unless during this interruption someone else takes over responsibility for supporting you on a permanent basis.
 
 
 9
 20 C.F.R. Sec. 404.366(a)(2). "The purpose of the 'regular and substantial' regulation is to prevent the child from reaping a windfall by virtue of the death of a father whose contribution to the child's support would not have been as large as that provided by the child's survivor benefits." Bennemon ex rel. Williams v. Sullivan, 914 F.2d 987, 990-91 (7th Cir.1990).
 
 
 10
 Robinson argues that, because Virgies was stricken with cancer and unemployed in the year prior to his death, the Appeals Council erred in rigidly applying the "regular and substantial" requirement in the regulations. She notes that the regulation recognizes an exception for temporary illness and unemployment and urges us to adopt the test followed in the Third, Fourth, and Sixth Circuits:
 
 
 11
 [T]he [proper] test ... is whether contributions regular and substantial in relation to the wage earner's income and the child's needs were made.... The purpose of the Act cannot be furthered by applying a test of substantiality ... in the abstract because the loss of small, regular contributions to a poor family would cause the economic dislocation the Act seeks to prevent.
 
 
 12
 Jones v. Harris, 629 F.2d 334, 336 (4th Cir.1980), followed in McNeal v. Schweiker, 711 F.2d 18, 21 (3d Cir.1983), and Parker v. Schweiker, 673 F.2d 160, 163 (6th Cir.1982).[2]
 
 
 13
 Although the Secretary follows these decisions in cases arising in the Third, Fourth, and Sixth Circuits, she has refused to adopt this standard: "[w]hen evaluating contributions to support, SSA attaches little relevance to the worker's financial circumstances; it assesses contributions in terms of the child's needs and the extent to which they were met by the worker's contributions." Acq. Rulings 86-13(3), 86-14(4), 86-15(6), reported in West's Social Security Reporting Service, Rulings 1983-1991, at 884-91 (1992). Here, responding to Robinson's citation of Jones, McNeal, and Parker, the Appeals Council stated:
 
 
 14
 [T]he Administration is not required to apply these decisions. In the Eighth Circuit where DeMarcus lives, 20 CFR 404.366 applies and requires that contributions for support be regular and substantial.
 
 
 15
 On appeal, the Secretary urges us to affirm the Appeals Council's statement of the "regular and substantial" test.
 
 
 16
 We faced this legal issue once before but did not decide it. In Jones ex rel. Carr v. Bowen, 829 F.2d 647 (8th Cir.1987), the impoverished wage earner's "only contributions to his children's support was the candy he gave them during his twice monthly visits." Id. at 648. After noting the applicant urged us to adopt the Third, Fourth, and Sixth Circuit test, we held that "[a] bimonthly gift of candy does not constitute support, even under appellant's test." Id.
 
 
 17
 As in Jones, we again conclude that we need not resolve this legal issue because, under either standard, Robinson has failed to prove that Virgies contributed to DeMarcus's support for the following reasons:First, in a Statement Regarding Contributions made in connection with her 1982 application, Robinson reported that Virgies made "no regular contributions" to DeMarcus's support. This Statement went on to list three specific contributions that Virgies had made, a $4.00 or $5.00 payment in October 1981, a $45.00 or $50.00 payment in November 1981, and a $172.00 check delivered by Virgies's father in February 1982. At the July 1991 hearing, Robinson testified that Virgies gave her money once to buy DeMarcus shoes and once to buy milk, but that he did not make either regular or substantial contributions.
 
 
 18
 Under either test, regular contributions to a living child are essential to meet the statutory standard of "support." For example, in Jones v. Harris, a wage earner with an annual income of $1483 contributed $30 per month. In Parker, the wage earner regularly contributed for ten years before his health failed. In McNeal, a wage earner with "minimal" earnings contributed $30 three or four times a year for seven years and occasionally purchased groceries, clothing, and toys for the child. Virgies was not a regular contributor to DeMarcus's support--he contributed nothing for one year after DeMarcus was born and made only three sporadic contributions thereafter.
 
 
 19
 Second, Virgies was a long-time Army employee who was disabled by cancer of the colon in October 1979 and applied for Social Security disability benefits on December 29, 1980. His application represented that he had received $1189 per month in Veterans Administration benefits since the date of his disability, and that he expected to continue receiving those benefits. These benefits obviously provided a significant source of revenue from which Virgies could have contributed to DeMarcus's support. Thus, assuming the wage earner's financial ability is relevant, as the other Circuits have held, Virgies's three support payments of some $225 during the sixteen months after DeMarcus was born cannot satisfy even a modified substantiality test.[3]
 
 
 20
 Third, there is no evidence in the record as to DeMarcus's need for support at the time of Virgies's death. Such evidence is required under either standard.
 
 
 21
 For the foregoing reasons, like the district court, we conclude that there is substantial evidence in the record as a whole to support the Secretary's determination that Virgies at the time of his death was not "contributing to the support" of DeMarcus within the meaning of 42 U.S.C. Sec. 416(h)(3)(C)(ii). As in Young v. Secretary of Health & Human Servs., 787 F.2d 1064, 1070 (6th Cir.1986), "the instant facts do not present a case of 'economic dislocation' sought to be avoided by the Social Security Act."
 
 
 22
 We also note that six circuits have now criticized either the Secretary's support regulation or the way in which it has been applied to impoverished or unemployed wage earners. Because we do not decide the question, the Secretary is not restricted in applying the regulation to cases arising in this Circuit. However, in future cases, it would assist the courts in this Circuit in conducting judicial review if the Secretary would explain whether, in her view, the two standards produce different results on the facts of each case, rather than simply assuming, as the Appeals Council did in this case, that we will reject the legal standard adopted by our sister circuits.
 
 
 23
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE H. DAVID YOUNG, United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 The Second, Ninth, and Tenth Circuits have adopted a similar standard for cases involving illegitimate children born after the wage earner's death. See Adams v. Weinberger, 521 F.2d 656, 660 (2d Cir.1975); Doran v. Schweiker, 681 F.2d 605, 608-09 (9th Cir.1982); Wolfe v. Sullivan, 988 F.2d 1025, 1028 (10th Cir.1993)
 
 
 [3]
 At oral argument, Robinson argued that there is no evidence in the record that Virgies actually received these VA benefits. But Virgies's application contains an express representation that the benefits were received, and the burden was on Robinson to prove to the contrary. The record reflects that Robinson contacted the VA for other information to support her application; presumably, she could have learned if the benefits were not in fact paid