PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 7/31/96**

TENTH CIRCUIT

---

VELMA L. MORNES, on behalf of
JESSE L. NORMENT and COLECIA
NORMENT,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 95-5244

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 90-C-97-M)

---

Submitted on the briefs:

Paul F. McTighe, Jr., Tulsa, Oklahoma, for Plaintiff-Appellant.

---

     [*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

Stephen C. Lewis, United States Attorney, Phil Pinnel, Assistant U.S. Attorney, Joseph B. Liken, Acting Chief Counsel, Social Security Administration, Tina M. Waddell, Acting Deputy Chief Counsel, Social Security Administration, Randall Halford, Assistant Regional Counsel, Office of the General Counsel, Social Security Administration, Dallas, Texas, for Defendant-Appellee.

---

Before EBEL, BARRETT, and HENRY, Circuit Judges.

---

HENRY, Circuit Judge.

---

Plaintiff Velma Mornes, on behalf of her children, claimants Jesse L. Norment and Colecia Norment, appeals[1] the magistrate judge's decision affirming the Secretary's ruling denying her request for children's benefits under the Social Security Act.[2] Claimants' applications were denied both initially and on reconsideration. After a hearing, the administrative law judge (ALJ) also denied their request. On appeal, the magistrate judge concluded additional evidence might be relevant and ordered a remand. A second hearing was held, at which plaintiff and the claimants were represented by counsel. The ALJ again denied

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

[2] The parties consented to disposition of the case by the magistrate judge pursuant to 28 U.S.C. § 636(c). Accordingly, our jurisdiction over this appeal derives from § 636(c)(3) and 28 U.S.C. § 1291.

benefits, finding that the claimants were not the children of the deceased and were not entitled to surviving children's benefits because the insured was not living with them and was not contributing to their support at the time of his death. On appeal to the district court, the magistrate judge found that there was evidence the children were the children of the deceased wage earner, but affirmed the ALJ's denial of benefits because there was substantial evidence supporting the ALJ's finding the deceased was not living with or supporting the children at the time of his death. Plaintiff appeals this finding.

"Our review of the district court's decision is limited to determining whether the record as a whole contains substantial evidence to support the Secretary's decision and whether the Secretary applied the proper legal standards. In child benefit cases, the claimant bears the burden of proving entitlement as the child of a deceased insured wage earner." Younger ex rel. Younger v. Shalala, 30 F.3d 1265, 1267 (10th Cir. 1994)(citation omitted).

Under the Social Security Act, the unmarried minor child of a deceased individual who was insured under the Act may receive survivors' benefits if he or she was "dependent upon such individual" prior to his death. 42 U.S.C. § 402(d). Because claimants were unable to satisfy alternative statutory criteria for child survivor benefits, claimants were required to meet the criteria of

42 U.S.C. § 416(h)(3)(C)(ii), which provides that a child is deemed to be the child of an insured if:

> such insured individual is shown by evidence satisfactory to the [Secretary] to have been the mother or father of the applicant, and such insured individual <u>was living with or contributing to the support of the applicant</u> at the time such insured individual died.

(Emphasis supplied). Regulations explain the requirement that the insured was "contributing to the support of the applicant:"

> Contributions must be made regularly and must be large enough to meet an important part of [the claimant's] ordinary living costs. Ordinary living costs are the costs for [the claimant's] food, shelter, routine medical care, and similar necessities. If the insured person only provides gifts or donations once in a while for special purposes, they will not be considered contributions for [the claimant's] support.

20 C.F.R. § 404.366(a)(2). "The purpose of the 'regular and substantial' regulation is to prevent the child from reaping a windfall by virtue of the death of a father whose contribution to the child's support would not have been as large as that provided by the child's survivor benefits." <u>Bennemon ex rel. Williams v. Sullivan</u>, 914 F.2d 987, 990-91 (7th Cir. 1990).

Because the insured was not living with the children at the time of his death, the claimants were required to show he was contributing to their support. Plaintiff stated in her application for benefits that the insured was not making regular and substantial contributions to the claimants' support at the time of his death. R. Vol. II at 38. At the initial hearing, plaintiff did not testify or provide

any evidence that the insured had been contributing anything to the children at the time of his death even though she also testified the insured was employed by Safeway. R. Vol. II at 24. The only evidence plaintiff presented in support of her assertion that the insured contributed to claimants' support was at the second hearing, when she testified that approximately once a month she and her children traveled to where the insured lived for weekend visits with the insured, as well as her mother and friends. She testified that during these visits the insured would let them stay in his apartment, bought the children food and sometimes bought them clothes or gave them $40 or $50. Id. at 96-99.

We agree with the magistrate judge that the insured's contributions during claimants' visits "were small, and only occasional, or sporadic [and do] not establish that the claimant children were dependent upon the decedent for their support." R. Vol. I at 14. These contributions were in the nature of gifts and were neither regular nor large enough to cover claimants' ordinary living expenses. See Robinson ex rel. Virgies v. Shalala, 34 F.3d 665, 668 (8th Cir. 1994)(holding that contributions of $4.00, $50.00, $172, and money to buy shoes and milk insufficient to meet the "regular and substantial" test); Jones ex rel. Carr v. Bowen, 829 F.2d 647, 648 (8th Cir. 1987)(holding that bimonthly gifts of candy during visits was insufficient to meet the "regular and substantial" test); and Moretti v. Bowen, 806 F.2d 1238, 1240 (5th Cir. 1986)(holding that

contributions of $600 and gift of a stereo, pool cue and watch worth approximately $300 did not constitute regular and substantial support).  We conclude the ALJ's denial of benefits is supported by substantial evidence.

The judgment of the magistrate judge sitting for the United States District Court for the Northern District of Oklahoma is AFFIRMED.